David COONCE, d/b/a Refrigerated
Truck Leasing, Plaintiff,

v.

NATIONAL INDEMNITY COMPANY,
a corporation, Defendant;

Cass Bank & Trust Company, a corpora-
tion and John E. Monge, Intervenors.

No. 60 C 223(2).

United States District Court
E. D. Missouri, E. D.

Dec. 20, 1962.

Eugene W. Wines, Wines, Gallagher & Thum, Clayton, Mo., for David Coonce, d/b/a Refrigerated Truck Leasing.

James W. Jeans, Gray & Jeans, St. Louis, Mo., for National Indemnity Co.

Ray Carleno, Carleno & Nick, Ferguson, Mo., for intervenor John E. Monge.

Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, Mo., Edmond J. Baker, St. Louis, Mo., for intervenor Cass Bank & Trust Company.

MEREDITH, District Judge.

The Court has jurisdiction of the claim removed from the Circuit Court of the City of St. Louis. There is diversity of citizenship and the amount in controversy exceeds $10,000. Plaintiff seeks $12,000 for the loss of a tractor-trailer under a policy of insurance issued by defendant. Plaintiff also seeks $1,200 for vexatious refusal to pay and attorney's fees in the amount of $1,000, plus interest at the rate of 6% from November 22, 1959. Cass Bank and Trust Company and John E. Monge were permitted to intervene to protect their rights. Intervenor Cass Bank had a chattel mortgage on the tractor-trailer and the amount due on the mortgage including interest at the time of the loss was $8,490.70. The note to Cass Bank also provided for a collection fee in the amount of 15% and the insurance policy involved had a loss payable clause to Cass Bank. Intervenor John E. Monge obtained a judgment against plaintiff in another matter in the amount of $12,742.99 and execution was issued against the defendant after the loss of the tractor-trailer. There is no dispute over the priority of the liens, except for the 15% fees owed to Cass Bank, which intervenor Monge contends should not be a prior lien to the amount owed to them by plaintiff.

Defendant seeks to avoid the policy on the basis of three fraudulent false answers contained in the application for the insurance and on a false representation contained in the policy, the truth of which was made a condition of the policy.

There was a trial to the Court.

Evidence will not support defendant's contentions with regard to plaintiff's representations as to the number of years in business and the loss record in the application for the policy. Questions 4 and 12 and plaintiff's answers are:

"4. Number of years in business
10 Type of cargo hauled Produce"

"12. Premiums and Losses past three (3) Years"

Across the columns enumerating the year, premiums, fire losses, theft losses, collision losses, company, plaintiff wrote: "No loss records as not previously owner of tractor-trailer". This answer was evasive, but not false, and on this record does not constitute a fraudulent misrepresentation inasmuch as the evidence showed that plaintiff became the owner of the tractor-trailer at approximately the time the application was made. In view of plaintiff's answer in the application, defendant was put on notice and, in fact, had no right to rely. As for Question 4, the evidence showed plaintiff had been in the trucking business for ten years and at the time of the application was currently hauling produce as

opposed to various other types of cargo and truck employment over the ten year period. The evidence will not support an assertion that it was false or fraudulently made.

We are thus concerned only with the avoidance of the contract of insurance on the questions of plaintiff's representation of no prior insurance cancellations in the application and the requirement of no prior cancellation as contained in the policy.

The basic facts from the evidence and the law as applied thereto follow:

The application signed by plaintiff on September 2, 1959, contains the following pertinent questions and provisions along with plaintiff's answers:

"1. Name of applicant David Coonce dba Refrigerated Truck Leasing"

"7. Has applicant had previous fire, theft and collision coverage cancelled?  No.

If so give date reason and company _____ "

"This application shall not be binding on Gateway Underwriters Agency, Inc. or Homer Bray Service, Inc. or issuing company unless and until a policy shall be issued and delivered in accordance herewith and then only as of the commencement date of said policy and in accordance with all terms thereof, and the said applicant hereby covenants and agrees to and with the above named Underwriters that the foregoing statements and answers are a just, full and true exposition of all facts and circumstances with regard to the risk to be insured, insofar as same are known to applicant and hereby agrees to pay on demand to above named Underwriters any earned premium as the result of issuance of any policy or binder in accordance with this application."

The policy, effective August 31, 1959, covering collision or upset and fire, lightning and transportation, provides:

"Item 6. The purposes for which the automobile is to be used are 'pleasure and business,' unless otherwise stated herein."
(Plaintiff's entry) "COMMERCIAL"

"Item 7. Unless otherwise stated herein: * * * (c) During the past three years no insurer has canceled insurance, issued to the named insured, similar to that afforded hereunder."

While plaintiff raises an issue as to whether the application was read by him, the point is not well taken because it is admitted that the plaintiff signed the application. It is not claimed that plaintiff could not read or that he did not know what he was signing. We think on the facts present here there is no lack of clarity in the law that one who signs a document is bound to know its contents.

Within hours after obtaining a binder on August 31, 1959, and prior to the signing of the application on September 2, 1959, plaintiff had an accident and loss in the amount of $1,635.84, which was paid by defendant to plaintiff and Faifer Body Company. The amount paid for this loss was in excess of the premium for the policy.

On November 22, 1959, the accident occurred with which we are here concerned. There was a loss in value of the insured equipment in the amount of $12,000, less a deductible amount of $1,000 for which plaintiff made demand but defendant refused to pay. This action followed on June 25, 1960. The full premium had been paid and as noted elsewhere the policy was in effect as of August 31, 1959. On December 31, 1959, defendant mailed insured a notice of cancellation effective January 10, 1960. After the cancellation defendant learned of a prior cancellation of plaintiff's insurance by Missouri Union Insurance Company. On November 25, 1957, the Missouri Union Insurance Company cancelled plaintiff's policy on his personal

automobile for collision, liability, fire and theft, because investigation showed that plaintiff had a police record ranging from the year 1949 to the year 1956, including a two year probation on the interstate transfer of a stolen motor vehicle, some seven arrests for speeding, careless driving and some 16 or 17 arrests for peace disturbance. It was plaintiff's testimony that when he answered question 7 on the application he thought it pertained to prior cancellations on the tractor-trailer. Similar testimony was given by plaintiff in regard to his understanding of Item 7 on the policy of insurance. Plaintiff had purchased the tractor-trailer a few days prior to signing the application. Plaintiff's answer to question 7 of the application was false. If the plaintiff had answered question 7 honestly, the defendant would have investigated the prior cancellation by Missouri Insurance Company and on discovering the basis of that cancellation, it would not have issued the policy in question to plaintiff.

As we understand the law in Missouri, false answers in an application for a policy of insurance when certified to be true in the policy itself are grounds for avoidance of the policy contract, if material, without regard to the applicant's intention or innocence. Ettman v. Federal Life Ins. Co., 8 Cir., 137 F.2d 121.

However, when an application contains false answers, but the application is not incorporated into the policy by terms of the policy, the contract is voidable if fraudulent. Dixon v. Business Men's Assurance Co. of America (1955), 365 Mo. 580, 285 S.W.2d 619; Grand Lodge, United Brothers of Friendship, etc. v. Massachusetts Bonding & Ins. Co. (1930), 324 Mo. 938, 25 S.W.2d 783; Ettman v. Federal Life Ins. Co., supra. A fraudulent representation in Missouri is one that is false, material, known to be false or not known to be true by the person making it who intended that it should be acted upon and the person to whom it was made was ignorant of its falsity, relied on its truth to his consequent and proximate injury and had a right to rely on its truth.

Wood v. Robertson (Mo., 1952), 245 S.W. 2d 80; Firemen's Ins. Co. of Newark v. Smith (8th Cir., 1950), 180 F.2d 371. The application was not incorporated into the policy. We find there is not clear, convincing, and unequivocal evidence of all the elements of fraud in the procurement. That, of course, is not the end of the matter. The question of the declaration and condition of the policy remains.

■ When the policy of insurance is conditioned on the truth of declarations contained therein which are material, then the false representation will avoid the policy though innocently made. Dixon v. Business Men's Assurance Co. of America, supra; Ettman v. Federal Life Ins. Co., supra; Grand Lodge, U. B. of F., etc. v. Massachusetts B. & Ins. Co., supra.

All the agreements in the policy are prefaced by defendant's statement contained in the policy that it

"Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations, and subject to the limits of liability, exclusions, conditions and other terms of this policy."

One of the conditions of the policy is:

"27. Declarations: By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued on reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

Item 7 of the declarations:

"Unless otherwise stated herein: * * * (c) During the past three years no insurer has canceled insurance, issued to the named insured, similar to that afforded hereunder:*

———

"*Absence of an entry means 'No Exceptions.'"

There was no entry by plaintiff. Plaintiff says first that it is not clear from the evidence that plaintiff read the declaration. The evidence does not support an inference that plaintiff did not read the declaration:

"Q. Did you read this? (referring to Item 7)

"A. I looked through it, yes, sir.

"Q. Now, the portion of this paragraph here, what was your understanding of the words, 'similar to that afforded hereunder'?

"A. A tractor and trailer."

The quoted passage also leads us to plaintiff's further contention that the declaration is ambiguous. According to Webster's, the word "similar" means "Nearly corresponding, resembling in many respects; somewhat like; having a general likeness".

■ The coverages of the policy in question were collision or upset, fire, lightning and transportation and combined additional coverage on plaintiff's tractor-trailer. The coverages of the canceled policy on plaintiff's automobile were collision, theft and liability. Collision is common to both policies. There can be no doubt that one of the insured events was identical, and such was the import of the declaration. But plaintiff contends that the statement permitted him to construe the language to apply only to the tractor-trailer to which the policy applied and since he had not previously had insurance on the tractor-trailer, the condition of the policy was met with regard to prior cancellation. We find such a strained construction unreasonable. Plaintiff cites Business Men's Assurance Co. v. Campbell (8 C.A., 1929), 32 F.2d 995, in support of its position that the language is ambiguous. As we understand that opinion, the Court held under that factual situation that the cancellation of a life policy was not material in fact or in law to the issuance of a health and accident policy. Under circumstances present here, prior cancellation of plaintiff's collision insurance was material in fact and in law. Bearden v. Countryside Casualty Company (Mo.App., 1961), 352 S.W.2d 701; Minich v. M. F. A. Mutual Insurance Co. (Mo.App.,1959), 325 S.W.2d 56; Teich v. Globe Indemnity Co. (Mo.App., 1930), 25 S.W.2d 554.

Plaintiff further argues that since the named insured on the policy in question was "David Coonce, dba Refrigerated Truck Leasing" while the cancelled automobile policy was issued to "David Coonce", the representation of no prior cancellations was not false. It was plaintiff's testimony that he had been doing business as Refrigerated Truck Leasing only days prior to the issuance of the policy. Can it honestly be asserted that plaintiff thought the declaration in the policy referred only to him in his recent capacity as a truck owner? The Court finds this is not a reasonable construction. The same individual was insured under both policies although he was described in the policy in question as doing business as Refrigerated Truck Leasing.

■ Does the fact that defendant did not tender the premium to plaintiff nor deposit the amount in Court prevent his avoidance of the policy? Defendant had paid in excess of the premium for plaintiff's first loss and refunded unearned premium to the broker at the time of cancellation prior to learning of the false declaration. Under these circumstances we find no inconsistency in urging that the policy was void while not tendering the amount of the premium. Defendant has paid more than enough. Though not strictly analagous, our conclusion is based on the holdings in Doerr v. National Fire Insurance Co. (Mo.Sup., 1926) 351 Mo. 266, 285 S.W. 961, 54 A.L.R. 1336, and Hesselberg v. Aetna Life Ins. Co. (C.A.8, 1935), 75 F.2d 490.

Plaintiff's declaration that no insurer had canceled similar insurance within a three-year period of the issuance of the policy was false. The declaration was a condition of the policy. Under the facts and the law, the policy was void ab initio. Ettman v. Federal Life Ins. Co., supra;

**488**

Dixon v. Business Men's Assurance Co. of America, supra. Judgment will be given for defendant against plaintiff and against intervenor Cass Bank and intervenor John E. Monge.