CASS BANK & TRUST COMPANY, a
Corporation, and David Coonce, d/b/a
Refrigerated Truck Leasing, Appellants,

v.

NATIONAL INDEMNITY COMPANY, a
Corporation, Appellee.

John E. MONGE, Appellant,

v.

NATIONAL INDEMNITY COMPANY, a
Corporation, Appellee.

Nos. 17279, 17280.

United States Court of Appeals
Eighth Circuit.

Jan. 14, 1964.

John S. Marsalek, of Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, Mo., Eugene W. Wines, St. Louis, Mo., on the brief, for appellants.

James W. Jeans, St. Louis, Mo., Gray & Jeans, St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HANSON, District Judge.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by plaintiff Coonce and intervenors Cass Bank & Trust Company and John E. Monge from final judgment dismissing their complaint and claims. This case was tried to Judge Meredith without a jury. A memorandum opinion setting out the facts and the basis of the trial court's decision is reported at 213 F.Supp. 483. Jurisdiction, based upon diversity of citizenship, is established.

The cause of action is based upon a policy of insurance issued by the defendant National Indemnity Company providing collision coverage with respect to a tractor-trailer owned by Coonce. Plaintiff's claim is for $12,000 collision damage to his tractor-trailer. Intervenor Cass Bank & Trust Company had a valid mortgage upon the tractor-trailer and intervenor John E. Monge claims a lien upon Coonce's claim against defendant by virtue of a judgment he holds against Coonce upon which an execution has been issued against any sums due Coonce from the defendant. The rights of the intervenors are dependent upon Coonce's policy rights against the defendant. For convenience, we shall in this opinion treat plaintiff as the sole claimant. The rights of the intervenors arise only in the event Coonce has insurance coverage under the policy in suit.

It is undisputed that the defendant issued the policy sued upon; that plaintiff paid the premium due; that such policy provides collision coverage for the unit damaged; and that the collision occurred within the policy period specified in the policy.

Defendant asserted two defenses to the policy. The first defense, based upon false and fraudulent answers in the application for insurance, was rejected by the trial court upon the ground that the evidence was insufficient to sustain such defense and the issue presented by such defense is not before us on this appeal.

The other defense asserted was that the policy was conditional upon the truth of the declarations contained therein; and that declaration 7(c), reading, "Unless otherwise stated herein: * * * (c) During the past three years no insurer has canceled insurance, issued to the named insured, similar to that afforded hereunder:" was false in that similar insurance had in fact been canceled within the three-year period and hence the policy was void ab initio. Such defense was sustained by the trial court. The law applicable to such defense is thus stated by the trial court:

"When the policy of insurance is conditioned on the truth of declarations contained therein which are

material, then the false representation will avoid the policy though innocently made. Dixon v. Business Men's Assurance Co. of America, supra [365 Mo. 580, 285 S.W.2d 619]; Ettman v. Federal Life Ins. Co., supra [8 Cir., 137 F.2d 121]; Grand Lodge, U. B. of F., etc. v. Massachusetts B. & Ins. Co., supra [324 Mo. 938, 25 S.W.2d 783]." 213 F.Supp. 483, 486.

Such statement of the law is not challenged by the plaintiff and is a correct statement of Missouri law. This appeal is based upon the points hereinafter set out and discussed.

## I.

Plaintiff urges that the trial court misapplied and mis-interpreted Missouri law in construing the words of declaration 7(c) reading: "no insurer has canceled insurance * * * similar to that afforded hereunder." Plaintiff contends that the words "similar insurance" are ambiguous and that he is entitled to have the policy construed strictly against the insurer and favorably to the insured so as to afford the widest possible scope of protection and that such policy of liberal construction applies particularly to forfeiture provisions.

■ It is quite true that Missouri, like most other states, holds that where insurance policies are ambiguous and are reasonably susceptible of two constructions, one of which favors the insured, the construction favoring the insured will be adopted. Freese v. St. Paul Mercury Indem. Co., Mo.App., 252 S.W.2d 653; State ex rel. Mills Lumber Co. v. Trimble, 327 Mo. 899, 39 S.W.2d 355.

Missouri courts have frequently stated that insurance contracts like other contracts are to be reasonably construed consonant with the apparent object and intent of the parties. Central Sur. & Ins. Corp. v. New Amsterdam Cas. Co., 359 Mo. 430, 222 S.W.2d 76; Packard Mfg. Co. v. Indiana Lumbermens Mut. Ins. Co., 356 Mo. 687, 203 S.W.2d 415; Wendorff

v. Missouri State Life Ins. Co., 318 Mo. 363, 1 S.W.2d 99, 57 A.L.R. 615; Sulzbacher v. Travelers Ins. Co., 8 Cir., 137 F.2d 386.

The general principles applied by Missouri courts to the construction of insurance contracts are well summarized in McKinney v. Truck Ins. Exch., Mo.App., 324 S.W.2d 773, at 777, as follows:

"Insurance contracts should be construed by the same general rules applicable to other written contracts. * * * Where there is no ambiguity, there is no room for construction, and the unequivocal language of the contract must be given its plain meaning unless contrary to public policy or positive law. * * Of course, if the contract is reasonably open to different constructions, the one most favorable to the insured must be adopted; but that principle does not authorize a perversion of language or the exercise of inventive power to create an ambiguity where none exists. * * * And, as the lodestar of construction of other contracts is the intention of the parties * * *, so a court discharges its full duty with respect to construction of an insurance contract when it ascertains and gives effect to the intention of the parties thereto. * * *" (Citations omitted.)

To like effect, see Davis v. Liberty Mut. Ins. Co., 8 Cir., 308 F.2d 709, 711.

■ 44 C.J.S. Insurance § 294, p. 1159, states:

"[T]he words or terms should be taken and understood as an average or reasonable person, with usual and ordinary understanding, would construe them when used to express the purpose for which they are employed in the policy."

Such rule is followed in Missouri. See Taylor v. Aetna Life Ins. Co., 236 Mo. App. 435, 154 S.W.2d 421, 425; Robinson v. Commonwealth Cas. Co., 224 Mo. App. 969, 27 S.W.2d 49, 51.

In Sulzbacher v. Travelers Ins. Co., supra, a case involving Missouri law, this court states:

"The rule requiring the construction of an insurance policy favorable to the insured in cases of ambiguity does not justify a strained interpretation of the language of the contract in order to create an ambiguity where none exists. 'The natural obvious meaning of the provisions of a contract should be preferred to any curious hidden sense which nothing but the exigencies of a hard case and the ingenuity of a trained and acute intellect would discover.'" 137 F.2d 386, 391.

Judge Meredith based his conclusion that the policy admittedly canceled was similar to the insurance afforded by the present policy upon the following reasoning:

"According to Webster's, the word 'similar' means 'Nearly corresponding, resembling in many respects; somewhat like; having a general likeness'.

"The coverages of the policy in question were collision or upset, fire, lightning and transportation and combined additional coverage on plaintiff's tractor-trailer. The coverages of the canceled policy on plaintiff's automobile were collision, theft and liability. Collision is common to both policies. There can be no doubt that one of the insured events was identical, and such was the import of the declaration. But plaintiff contends that the statement permitted him to construe the language to apply only to the tractor-trailer to which the policy applied and since he had not previously had insurance on the tractor-trailer, the condition of the policy was met with regard to prior cancellation. We find such a strained construction unreasonable. Plaintiff cites Business Men's Assurance Co. v. Campbell (8 C.A., 1929), 32 F.2d 995, in support of its position that the language is ambiguous. As we understand that opinion, the Court held under that factual situation that the cancellation of a life policy was not material in fact or in law to the issuance of a health and accident policy. Under circumstances present here, prior cancellation of plaintiff's collision insurance was material in fact and in law. Bearden v. Countryside Casualty Company (Mo.App., 1961), 352 S.W.2d 701; Minich v. M. F. A. Mutual Insurance Co. (Mo.App., 1959), 325 S.W.2d 56; Teich v. Globe Indemnity Co. (Mo.App.1930), 25 S. W.2d 554.

"Plaintiff further argues that since the named insured on the policy in question was 'David Coonce, dba Refrigerated Truck Leasing' while the cancelled automobile policy was issued to 'David Coonce', the representation of no prior cancellations was not false. It was plaintiff's testimony that he had been doing business as Refrigerated Truck Leasing only days prior to the issuance of the policy. Can it honestly be asserted that plaintiff thought the declaration in the policy referred only to him in his recent capacity as a truck owner? The Court finds this is not a reasonable construction. The same individual was insured under both policies although he was described in the policy in question as doing business as Refrigerated Truck Leasing." 213 F.Supp. 483, 487.

Plaintiff's efforts on this appeal seem to be concentrated upon stressing ambiguity with respect to the word "similar". He points to no reasonable construction of the word "similar" as used in the condition which would support a holding that the condition relating to cancellation of similar insurance has not been breached. The trial court does not make an express finding that no ambiguity exists but does in effect find that the contract does not afford a basis for any reasonable interpretation which would permit a finding that the canceled

insurance was not similar to that here involved.

While there is some authority to the effect that the word "similar" may have some flexibility and is somewhat difficult to define precisely, there is substantial support for the meaning ascribed to such word by the trial court as reflected in the excerpt above quoted from its opinion.

In Capra v. Phillips Inv. Co., Mo., 302 S.W.2d 924, 935, a Missouri contract interpretation case, the words in controversy were "similar establishments". The court there quoted and applied substantially the same definition as applied in the present case, the court stating:

> "Webster's New International Dictionary, 2d Ed., defines 'similar' as: 'Nearly corresponding; resembling in many respects; somewhat like; having a general likeness.'"

In United States v. Raynor, 302 U.S. 540, 58 S.Ct. 353, 82 L.Ed. 413, a criminal case involving counterfeiting, the court had occasion to consider the meaning of the words "similar paper" appearing in the statute. The Court states:

> "That court defined 'similar' to mean 'somewhat alike'; 'not exactly alike'; 'like, but not exactly the same.' 'Similar paper,' thus defined, cannot be identical with the distinctive paper adopted by the government, because while the two papers would be 'somewhat alike,' they would not be 'exactly alike' or 'exactly the same.' Similarity is not identity, but resemblance between different things. Under this definition, 'similar paper,' the possession of which is prohibited, is not identical with, but differs from the distinctive paper." 302 U.S. 540, 547, 58 S.Ct. 353, 356, 82 L.Ed. 413.

For additional authorities supporting the trial court's determination of the meaning of the word 'similar', see Thompson v. Commissioner, 4 Cir., 203 F.2d 820, 825; Ambrosia Brewing Co. v. Bowles, U.S.Emer.Ct.App., 147 F.2d 550, 552; 80 C.J.S. Similar, pp. 1302–1304, and cases there cited.

Plaintiff states that there are no Missouri cases bearing upon the factual situation here presented. We hold that the trial court reached a permissible conclusion upon the basis of Missouri law in determining the meaning the word "similar" in the context here used and that when such definition is applied to the facts in this case, substantial support exists for the court's finding that the canceled policy was similar to the policy involved in this suit. We find no reasonable basis for construing the words "similar policy" in such a way as to support a finding that the canceled policy is not similar to the one before us.

While the issue of fraudulent declaration is no longer in this case, it is of some significance that the insurance application signed by the plaintiff gave a negative answer to the question reading: "7. Has applicant had previous fire, theft and collision coverage cancelled? If so, give date, reason and company."

It is a reasonable inference that the type of insurance involved in the application inquiry was in the contemplation of the parties the "similar insurance" referred to in the policy condition.

The fact that some flexibility or ambiguity may exist with respect to the meaning of the word "similar" is of no aid to the plaintiff. Like the trial court, we are convinced that such word as used here could not possibly be reasonably construed in such a way as to warrant a finding that the policy here is not similar to the canceled policy. For the reasons stated by the trial court in its opinion, we hold that the claimed distinctions between the policy canceled and that in suit here lack substantiality and are insufficient to support a finding that the canceled policy is not similar to the one here in suit.

## II.

Plaintiff insists that defendant has waived its right to declare the policy void ab initio by failing to refund or tender the premium paid by the plaintiff. The general rule is that a tender back of completely unearned premium is a pre-

requisite to the maintenance of a defense that a policy is void. Phoenix Assur. Co. of New York v. City of Buckner, 8 Cir., 305 F.2d 54, 57. Ordinarily, this is necessary to restore the status quo. Here the trial court's finding that the defendant had paid plaintiff more than enough is supported by substantial evidence. After the loss here involved and before discovery of the breach of the condition, defendant had canceled the policy and refunded unearned premium. Defendant, before discovery of the breach and without knowledge of its valid defense to such claim, had previously paid an earlier collision loss claim under its policy, the amount of such payment being considerably in excess of the amount of the premium paid. Under such circumstances, we believe the court was warranted in finding that no further payment on the part of the defendant was required to restore the status quo. The provision for restoration of the status quo is an equitable provision. No controlling decision on the point here urged is cited by either party. Under the peculiar factual situation above recited, we believe the trial court reached a permissible conclusion on Missouri law in holding that the tender of the additional payment to the insured was not a prerequisite to the assertions of its defense that the policy was void ab initio.

### III.

Defendant offered in evidence the file of the Missouri Union Insurance Co. which contained confidential reports showing accident and arrest record of the plaintiff and the reasons why said company canceled the automobile policy it had issued to plaintiff. Such file was introduced for the purpose of showing the type of information that would be revealed had the plaintiff truthfully answered the cancellation inquiry in the policy. The court reserved ruling on the admissibility of such evidence.

We do not believe that a proper foundation was laid for the admissibility of the file in evidence. However, we are satisfied that the court committed no prejudicial error with respect to the offer of the insurance file in evidence. This court has frequently stated:

"In the trial of a nonjury case, it is virtually impossible for a trial judge to commit reversible error by receiving incompetent evidence, whether objected to or not. An appellate court will not reverse a judgment in a nonjury case because of the admission of incompetent evidence, unless all of the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made." Green v. Dingman, 8 Cir., 234 F.2d 547, 553; Builders Steel Co. v. Commissioner, 8 Cir., 179 F.2d 377, 379.

The trial court's opinion, in discussing the fraud issue which is not before us on this appeal, makes brief mention that the file discloses reasons for the cancellation of the Missouri Union policy. The reason why such policy was canceled has no relevance whatever upon the issue of whether there had been a violation of the condition of the policy that no similar insurance has been canceled. Plaintiff has admitted that the Missouri Union policy had been canceled and that he had been convicted of a Dyer Act violation. There is no substance to plaintiff's claim that the offer of the file impaired his credibility as a witness. Plaintiff has failed to show that any prejudicial error has been committed in connection with the offer in evidence of the Missouri Union Insurance file.

### IV.

Intervenors' rights are based solely upon the rights of the plaintiff under the policy. No claim is made that the intervenors have any right with respect to the enforcement of the policy not possessed by the plaintiff. Hence, since the policy is void, the court properly denied the intervenors' claims.

**314**

A careful consideration of the briefs and record convinces us that plaintiff has failed to demonstrate that the trial court committed any prejudical error.

The judgment is affirmed.