DOROTHY LINDENBAUM et al., Respondents, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

First Department, May 27, 1958.

*Eugene T. O'Neill* of counsel (*Leo D. Fitzgerald,* attorney), for appellant.

*Milton Kunen* of counsel (*James S. Hays* and *Bernard Furman* with him on the brief; *Kaye, Scholer, Fierman, Hays & Handler,* attorneys), for Dorothy Lindenbaum, respondent.

*Herbert Plaut* of counsel (*Charles E. Scribner* and *Robert Miller* with him on the brief; *Scribner & Miller,* attorneys), for John Lindenbaum and another, respondents.

*Per Curiam.* Defendant-appellant appeals from a judgment in favor of the plaintiffs-respondents in these consolidated actions entered upon a jury verdict after trial. Plaintiffs were beneficiaries of two $20,000 policies of insurance issued by defendant on August 13, 1954, and September 27, 1954, respectively. The insured, who was the father of the two infant plaintiffs and the brother-in-law of the adult plaintiff, died on December 23, 1954, as a result of injuries received in an accident.

The defense was predicted upon misrepresentations as to medical history and treatment in the application for the policies, it being claimed that the application would not have been approved had the truth been revealed. There was also a second separate defense of breach of the condition precedent, namely, that the applicant was not in good health at the time of the application for and the issuance of the policies.

The record establishes misrepresentation on the part of the insured with regard to his past medical history and treatment. Defendant, on this record, has demonstrated arguably that knowledge of the insured's prior medical history would have led to a refusal by the defendant to write the policies here involved within the meaning of subdivision 2 of section 149 of the Insurance Law. (*Tolar* v. *Metropolitan Life Ins. Co.,* 297 N. Y. 441; *Ketchum & Co.* v. *State Mut. Life Assur. Co.,* 162 F. 2d 977 [C. C. A. 2d].) But we are not satisfied at this time that the question should be resolved on the basis of merely the conclusory opinion of the defendant's medical witness. Defendant should be required to do more than merely offer its

associate medical director who testified generally, without a shred of documentary proof, supporting rules or manual, or defendant's past experience to buttress the conclusion, that the applications for the policies would not have been accepted if the defendant had known the medical history of the insured. Unless it is clear no other proof is available to the defendant, we are of the opinion that on this record defendant has not adduced "evidence of the practice of the insurer" as provided by subdivision 3 of section 149 of the Insurance Law.

The judgment should be reversed on the law and in the exercise of discretion, and a new trial directed in the interest of justice, with costs to defendant-appellant.

BREITEL, J. P., RABIN, FRANK and McNALLY, JJ., concur.

Judgment unanimously reversed upon the law and in the exercise of discretion, and a new trial directed in the interest of justice, with costs to defendant-appellant to abide the event.