Cecil H. MINICH, Respondent,

v.

M. F. A. MUTUAL INSURANCE COMPANY, Appellant.

No. 22849.

Kansas City Court of Appeals.

Missouri.

April 6, 1959.

Errol Joyce, Robert Devoy, Brookfield, Hess & Collins, Macon, for appellant.

James J. Wheeler, Keytesville, for respondent.

SPERRY, Commissioner.

Plaintiff, Minich, had a liability insurance policy on his automobile, issued by defendant. He suffered a judgment for damages growing out of a collision between his automobile and that of another. Defendant refused to accept liability on the policy, contending that its issuance was procured by false representations made by plaintiff in his written application for the policy. Plaintiff instituted this suit, under the declaratory judgment act, to test the validity of the policy. From a judgment in his favor, rendered without aid of a jury, defendant appeals.

Plaintiff proved the policy, its issuance by defendant, and the payment of the premium. It was in full force and effect at the time the collision occurred, provided that it is not invalidated by reason of false representations made by plaintiff to defendant's agent in his application.

Defendant relies on three alleged misrepresentations, to-wit:

1. That plaintiff had never had a policy cancelled prior thereto when, in fact, he had suffered a cancellation.

2. That plaintiff stated that he had no physical defect when, in truth, he was blind in the left eye.

3. That plaintiff stated that he did not use alcohol when, in fact, he did use alcoholic beverages.

The third mentioned contention is of doubtful merit because it is not at all clear, from the evidence, that plaintiff used alcohol to excess or, at least to a greater extent than defendant's agent admitted that plaintiff told him that he drank. Therefore, we will not further allude to that contention. See Bennett v. Standard Accident Insurance Co., 209 Mo.App. 81, 237 S.W. 144, 149, Par. 3.

We will discuss the evidence as to the other two contentions but, before doing so, we will state the law applicable in cases of this character, where an applicant for an insurance policy furnishes insurer with false information in the application.

"A material misrepresentation made by an applicant for insurance, in reliance on which a policy is issued to him, renders the policy voidable * * *." State Farm Mutual Automobile Insurance Co. v. West, D.C., 149 F.Supp. 289, 305; Gooch v. Motors Insurance Co., Mo.App., 312 S.W.2d 605, 608. This is true whether such misrepresentation be made intentionally or through mistake and in good faith. State Farm Mutual Automobile Insurance Co. v. West, supra; Smith v. American Automobile Insurance Co., 188 Mo.App. 297, 303–304, 175 S.W. 113. An application for a policy of insurance is an offer, intended to be relied upon and to become a part of the contract, when accepted. Absent fraud or mistake one is bound by his written contract and an application as an offer is contractual in nature. Dickinson v. Bankers Life & Casualty Co., Mo.App., Springfield, 283 S.W.2d 658, 662.

A representation that he had not previously had a policy cancelled was material to the risk and grounds for avoidance of the policy if untrue. State Farm Mutual Automobile Insurance Co. v. Gaekle, D.C., 131 F.Supp. 745, 746; Teich v. Globe Indemnity Co., Mo.App., 25 S.W.2d 554, 556–557; Maryland Casualty Co. v. Eddy, 6 Cir., 239 F. 477, 480; Harris v. Allstate Insurance Co., Tex.Civ.App., 249 S.W.2d 669, 672–673; Strong v. State Farm Mutual Ins. Co., 76 S.D. 367, 78 N.W.2d 828, 829; Republic Mutual Insurance Co. v. Wilson, 66 Ohio App. 522, 35 N.E.2d 467, 468; Kravit v. United States Casualty Co., 278 Mass. 178, 179 N.E. 399, 400.

The testimony regarding cancellation was, on behalf of defendant's agent, to the effect that he asked plaintiff whether or not any policy had been previously cancelled and that plaintiff gave a negative answer, which was incorporated in the application. The application, on its face, shows these facts. Plaintiff's father testified to the effect that plaintiff told defendant's agent, in his presence, at the time the application was made, that he had never been cancelled but that he "cancelled himself" once. There was documentary evidence, undisputed, to the effect that plaintiff did request cancellation of an insurance policy on an automobile; but there was also documentary evidence, undisputed, to the effect that another insurance company had previously, prior to this instant application, cancelled a policy because: "undesirable * * * Son Lavon principal operator. Fast and reckless driver. Wrecked two cars within two weeks."

The trial court found that plaintiff had suffered a cancellation but that he had not told the agent of that fact; that defendant's agent placed the untrue answer in the application without the knowledge or consent of plaintiff. Plaintiff signed the application and he could read. These facts are admitted. He is bound, in law, to have known the contents of the instrument he signed, whether he read it or did not read it; and if he could not read (but plaintiff could read) he is bound to have knowledge of the contents of the application and is held to have adopted and ratified them as his own, when he signed it, if he did not have it read or explained to him. 6 Blashfield Automobile Law and Practice, 581, Sec. 3921; Appleman Insurance Law and Practice, Page 25, Sec. 9405; Herndon v. Triple Alliance, 45 Mo. App. 426, 432; Dickinson v. Bankers Life & Casualty Co., Mo.App., 283 S.W.2d 658, 663; Gooch v. Motors Insurance Co., Mo. App., 312 S.W.2d 605, 609–610.

Having signed the application, which plainly recited that plaintiff had never suffered a cancellation of insurance, he is bound by the terms of the contract eventually consummated, of which the application was a part; and, whether or not he read the instrument, or had it read to him, absent any claim of fraud, concealment, or mistake (and none is made here) he is estopped from denying full knowledge of the terms of the application.

It would serve no useful purpose to extend this opinion by discussing and ruling the question presented in defendant's contention that plaintiff misrepresented his physical condition and concealed the fact that he was blind in his left eye. The fact of his blindness was material to the risk. The same law applies to this matter as that discussed with relation to the prior cancellation of a policy.

The judgment should be reversed and the cause remanded with directions to enter judgment declaring the policy here involved to be void *ab initio*.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.