444 P.2d 290

Liberato RAEL, Plaintiff-Appellant,

v.

AMERICAN ESTATE LIFE INSURANCE COMPANY, Defendant-Appellee.

No. 8565.

Supreme Court of New Mexico.

Aug. 12, 1968.

Joseph B. Zucht, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Jr., James A. Parker, Albuquerque, for appellee.

## OPINION

CARMODY, Justice.

This declaratory action was instituted seeking the reinstatement of an insurance policy previously cancelled as null and void. Based upon the pleadings and the affidavits in the file, the trial court granted summary judgment in favor of the defendant company "* * * because the plaintiff withheld information called for on the application for insurance that was material to the insurance contract, * * *."

We will refer to the parties as they appeared below.

Plaintiff claims that there are two related questions, i. e., whether plaintiff falsely or fraudulently answered certain questions in the application, and, secondly, the materiality of the false statements, if such occurred. However, we do not so view the case and only determine if the omitted or withheld information materially affected the acceptance of the risk assumed by the defendant.

The facts are relatively simple: On September 22, 1966, plaintiff mailed an application for a family group insurance policy to the defendant. Certain questions related to prior medical illnesses or accidents, and medical or surgical advice or treatment. Plaintiff marked these questions with a "No" and furnished none of the requested information. An agent was concerned with these answers and made an appointment to interview plaintiff at his home.

Thereafter, on September 26th, the agent discussed the application with the plaintiff and his wife, and prepared a new application which disclosed that certain members of the family had been treated by doctors in the past and had had certain operations and illnesses. However, another question was still answered in the negative. This question was:

"Have you or any family member listed above ever had any of the following:
"* * *

"(c) Any other medical or surgical advice or treatment or operations in the past 5 years."

The policy was issued on October 10, 1966, and provided that it was issued in consideration of the statements made in the application. Within less than two months following the issuance of the policy, both the wife and the daughter of the plaintiff were hospitalized and incurred substantial hospital, medical and surgical expenses. Defendant declined to pay and affirmatively cancelled the policy on the basis that, if the information sought by the above question had been furnished, the policy would not have issued.

It must be specifically noted that we are not considering fraud, but merely whether the failure to give or the withholding of the information, intentionally or inadvertently, vitiated the policy. The affidavits which were filed by defendant showed the following: Elijia Rael, plaintiff's wife, was treated by her doctor in April of 1964 with respect to pain between her shoulders and her middle upper abdomen, which the doctor diagnosed as a spasm of the duodenum. On December 9, 1966, after the policy was issued, Mrs. Rael was admitted to the hospital, at which time she stated that she had been having episodes of abdominal pain for approximately one year. It was following this admission that she was operated upon for removal of gall stones. One of plaintiff's daughters, Adelina, had been treated in the emergency room at a hospital on December 8, 1965, for a sore throat and headache and, on the

following two days, received office treatment from her doctor. On October 20, 1966, after the policy was issued, she was treated for headaches and told the doctor that they were of two months' duration. The following month, she was treated in the hospital for a similar complaint and again told two doctors that the headaches had persisted since August of 1966.

The only response by the plaintiff was his own affidavit, which attempted to explain the failure to give the information originally, and claimed that his wife's pain, for which she was operated upon, was not the same kind of a pain as she had had earlier. Plaintiff also stated that he did not know, until after her hospitalization, of his daughter Adelina's headaches and that her December 1965 illness was of a minor nature.

Also in support of the motion for summary judgment, defendant filed an affidavit by the secretary of the defendant company. The affidavit related the aforementioned examinations and treatments of both Mrs. Rael and the daughter Adelina, and closed with the statement that, if the information with respect to these two members of the family had been submitted with the application, the company would have rejected the offer and a policy would not have issued.

■ The problem is whether the failure to advise the defendant of the health information, known to plaintiff and his wife at the time of the application, materially affected the issuance of the policy.

■ Plaintiff relies on language appearing in Mosely v. National Bankers Life Insurance Company, 66 N.M. 330, 347 P.2d 755 (1959), but to no avail because there the entire issue related to the question of fraud. In Mosely, we affirmed the trial court's finding that there was no fraud in the application for insurance. As stated, we are not here dealing with fraud, intentional or otherwise, but rather a failure to disclose in the application information that was material to the insurance contract. This is the issue as to which there was

"not one word of proof" in Mosely. Here, the rule to be applied is that stated in Modisette v. Foundation Reserve Insurance Co., 77 N.M. 661, 427 P.2d 21 (1967), as follows:

"The general rule, and the rule consistent with principles of contract and the duty of fair dealing, which is the duty imposed upon both the insurer and the insured, is that if misrepresentations be made, or information withheld, and such be material to the contract, then it makes no difference whether the party acted fraudulently, negligently, or innocently. * * *"

■ The above rule has been reaffirmed by us in Prudential Insurance Company of America v. Anaya, 78 N.M. 101, 428 P.2d 640 (1967). The burden is upon the defendant to establish the materiality of the omission. Tsosie v. Foundation Reserve Insurance Company, 77 N.M. 671, 427 P.2d 29 (1967). And in this case the affidavit of the secretary of the defendant company fully met the requirement of establishing the materiality of the facts omitted. This proof was sufficient as a matter of law to show that the false or omitted statement materially affected the acceptance of the risk or the hazard assumed; thus the requirement of the statute (§ 58–11–11(c), N.M.S.A.1953) is satisfied. Compare, Mosely v. National Bankers Life Insurance Company, supra; and see, Martin v. Mutual of Omaha Insurance Company, 198 Kan. 135, 422 P.2d 1009 (1967), involving a similar statute which held that a false statement was material and barred recovery.

■ Plaintiff does attack the adequacy of the affidavit submitted by the secretary of the defendant company, but, in doing so, relies principally upon Lindenbaum v. Equitable Life Assurance Soc. of U. S., 5 A. D.2d 651, 174 N.Y.S.2d 421 (1958). However, that case was based upon a particular New York statute relating to the type of proof required, and later New York cases seem to be to the contrary. See, Greene v. United Mutual Life Insurance Company,

38 Misc.2d 728, 238 N.Y.S.2d 809 (Sup.Ct. 1963), aff'd without opinion, 23 A.D.2d 720, 258 N.Y.S.2d 323 (App.Div.1965); and Metropolitan Life Insurance Company v. Blum, 7 A.D.2d 488, 184 N.Y.S.2d 455 (1959). We would observe that if the plaintiff had desired to assail the secretary's affidavit, ample provision is provided in rules for doing so, Hamilton v. Hughes, 64 N.M. 1, 322 P.2d 335 (1958). As the party moved against, plaintiff was under a duty to establish the existence of the fact issue by apprising the court of available additional proof. He is required to show the presence of the fact issue and cannot merely stand silent, Cervantes v. Forbis, 73 N.M. 445, 389 P.2d 210 (1964); Southern Union Gas Co. v. Briner Rust Proofing Co., 65 N.M. 32, 331 P.2d 531 (1958); and cf., Modisette v. Foundation Reserve Insurance Co., supra.

The defendant company was entitled, under the questions asked, to be advised of the medical history of plaintiff and his family, in order to intelligently pass upon the desirability of the risk. It was not for the plaintiff to decide what was material, but rather for the company. Thus, in our opinion, there was no genuine issue of fact as to the materiality of the withheld information. See, 7 Couch on Insurance 2d, § 35:94. We must presume that the insurance company, in issuing the policy, acted in reliance on the truth of the representations made. Having so relied, and material information having been withheld, the defendant was justified in voiding the policy. Prudential Insurance Company of America v. Anaya, supra; Modisette v. Foundation Reserve Insurance Company, supra; Cass Bank & Trust Co. v. National Indemnity Co., 326 F.2d 308 (8th Cir. 1964).

Lastly, it should be noted that there were items of information withheld as to both Mrs. Rael and the daughter. This being a family policy, it was sufficient, in order to justify the defendant's cancellation, that the misrepresentations or withholding were as to either one or both of

the members of the family involved. The policy was not severable, and the withholding of the information justified the rescission of the entire policy. See, Prudential Insurance Company of America v. Anaya, supra.

The judgment of the trial court will be affirmed. IT IS SO ORDERED.

NOBLE and MOISE, JJ., concur.