WESTERN CASUALTY AND SURETY COMPANY OF FORT SCOTT, KANSAS, a corporation, Plaintiff-Appellant,

v.

Hugo WUNDERLICH et al., Defendants-Respondents.

No. 33356.

St. Louis Court of Appeals.

Missouri.

Sept. 16, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 14, 1969.

Application to Transfer Denied Dec. 8, 1969.

1

Jackson, Thomasson & Dickerson, Donald P. Thomasson, Cape Girardeau, for plaintiff-appellant.

Limbaugh, Limbaugh & Russell, Oliver, Oliver & Jones, A. J. Seier, Cape Girardeau, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Rader & Grimm, Earl S. Mackey, Cape Girardeau, for defendants-respondents.

WEIER, Commissioner.

On December 14, 1965, Kenneth Lee Wunderlich, age sixteen years, had the misfortune of being the driver of his father's automobile when it ran off a roadway and overturned. His father, Hugo Wunderlich, had previously applied for and obtained a policy of automobile insurance from Western Casualty and Surety Company which agreed to pay on behalf of the insured sums of money, up to the limits of the policy, for bodily injury and property damage for which the insured would be legally liable. It also provided for payment of loss to the automobile due to collision or

upset. As to the liability provisions, coverage was extended to anyone using the automobile with the permission of Mr. Wunderlich or his spouse; and Mrs. Wunderlich had given her son permission to drive the car on this occasion.

Riding with young Wunderlich at the time of the upset were Harold Mayo, Kenneth Jones, Georganne Ringland, Kim Kurka and Jean Richardson, all unmarried minors. Some of these young people were allegedly injured and after Western received letters from attorneys asserting claims for damages and attorney's liens on amounts paid in satisfaction or settlement of these claims, Western proceeded to file this action for declaratory judgment, praying that the court cancel the policy issued to Mr. Wunderlich on account of fraud and misrepresentation in the application for the insurance policy. The petition asked that Western be found to have no liability to the minor passengers for their injuries or to any of their parents, or persons who occupied the position of parents, for medical and hospital expense and for loss of services. Western further prayed to be absolved from any obligation to defend any suits brought against Kenneth Wunderlich or his parents. All people who might be affected by the decree of the court were joined as defendants. Guardians ad litem were appointed by the court to protect the interests of the minors.

When trial was had, the case, in large part, resolved itself around the facts that occurred on October 21, 1965, when Mr. Hugo Wunderlich presented himself at the office of plaintiff's agent, Norman W. McElreath, and informed Mr. McElreath's secretary, Mrs. Shirley Joyce Rubel, that he wanted insurance on his car. A sharp divergence occurred in the versions given by these two people concerning the answer to the question, "Who will be driving this car?" Mrs. Rubel said Mr. Wunderlich told her, "My wife and myself." Mr. Wunderlich said, "I went in and I said I wanted insurance like we had six months

before, me and my wife and my son Kenneth would be driving occasionally." He was informed that his premium would be $73.00, some $11.00 higher than it had been on a previous policy issued by this agent in a different company. Wunderlich then went to the bank to obtain this money and within a brief period of time, returned and paid the premium. Upon his return an application was prepared by Mrs. Rubel. Then Mr. Wunderlich, after briefly glancing at it, signed it.

A printed application form was introduced at the trial which contained the name and address of the applicant and described the automobile and coverage to be written in the policy. Opposite the phrase "Number of children" appeared the typed cipher "0". Mr. Wunderlich admitted signing a paper like the exhibit but denied that the exhibit was the same presented to him at McElreath's office and denied that the signature appearing thereon was his. Mrs. Rubel admitted that she did not specifically ask him how many children he had. She assumed he had none and wrote in the "0".

Agent McElreath was not in the office when Wunderlich called and the application prepared. He had known Wunderlich and his family since 1949 and at that time had lived about one block away. He had sold insurance to Wunderlich since 1959. He knew the Wunderlichs had children and had seen all of them. In trying to explain a report of the accident to Western, he told them in a letter which accompanied the report that had he stopped to think when he signed the policy, he would have known that the information in the application was incorrect, because at the time of writing the letter he recalled that Wunderlichs had a young child when they were his neighbors fifteen years before.

After submission, the court found against Western and held that the policy was not void. The petition was dismissed. Western was required to defend all suits brought

under the policy and to fulfill its obligations.

From this judgment Western has appealed. In support of its contention that the trial court erred, it says that the failure of Hugo Wunderlich to disclose on the application, as an additional driver, his teenage son, Kenneth, is grounds for voiding the policy. It advocates two rules as bases for such a conclusion. One: A material misrepresentation contained in an application for insurance in reliance on which the policy is issued to the applicant, and signed by the applicant, will render the policy voidable whether the misrepresentation was made intentionally or through a mistake and in good faith. This rule is well supported by the cases of Miller v. Plains Insurance Co., Mo.App., 409 S.W.2d 770, 775; Minich v. M.F.A. Mutual Insurance Co., Mo.App., 325 S.W.2d 56, 57; Gooch v. Motors Insurance Co., Mo.App., 312 S.W.2d 605, 608; Haman v. Pyramid Life Insurance Co., Mo.App., 347 S.W.2d 449, 454. Two: A person is bound, in law, to know the contents of an instrument which he signs, whether he reads it or not, provided he can read, and if not then it devolves upon him to have another read or explain it to him. It is only where fraud, accident, or mistake intervenes that one may be relieved of his obligation. This proposition is also well supported by authority as set forth in Bearden v. Countryside Casualty Co., Mo.App., 352 S.W.2d 701, 706; Minich v. M.F.A. Mutual Insurance Co., supra; Miller v. Plains Insurance Co., supra; and Dickenson v. Bankers Life & Casualty Co., Mo.App., 283 S.W.2d 658, 663.

■ We do not find the law as set forth above to be applicable to the facts in the case at bar. This is not a case where the applicant failed to disclose or gave false answers. It is a case where the applicant gave the correct information to the agent of the insurance company who then made a mistake in preparing the application. In

other words, the applicant did not make the mistake. The agent made the mistake, and his principal is bound by it and is estopped to assert it as a ground to void the policy under the circumstances here present.

This action was court tried. The trial judge, as trier of the facts, reasonably could have inferred and found that Hugo Wunderlich at the time he applied for the insurance informed Mrs. Rubel at the agent's office that his son, Kenneth, would be driving on occasions, and that Mrs. Rubel made a mistake in entering the wrong information on the application. Support for the judgment may also be found in the evidence showing that Mr. McElreath, the agent, had known the Wunderlich family for many years, being at one time a neighbor and a fellow parishioner in the same church. He had taken care of their general insurance needs both as to their home and their automobiles since 1959. We are mindful that on appeal this case is reviewed de novo and it is our duty to review the case upon the law and the evidence as in suits of an equitable nature and reach our own conclusion as to the law and the facts. (City of St. Peters v. Kuester, Mo.App., 402 S.W.2d 70, 71; Bourne v. Manley, Mo.App., 435 S.W.2d 420, 429.) But we are directed that in arriving at our determination "[t]he judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." (Civil Rule 73.01(d), V.A.M.R.)

The claimed failure to disclose the presence of a sixteen-year-old driver in the Wunderlich family, would be a material misrepresentation if it had been omitted by Wunderlich when he applied for the insurance. The rate of premium would have been affected and Western might have declined the risk. But the trial court did not find that he had made any misstatement nor had he omitted to inform the agent of a material fact. Rather, to support its judgment, it had to find that the information that Kenneth would be driving occasionally was given to the agent of Western and then the agent, through his own mistake, had failed to consider or include this in the application when it was submitted to Wunderlich. We adopt this finding. We further find that there was no evidence to indicate any collusion between the insured and the agent and his employee and that there was neither actual nor constructive knowledge of the omission by Wunderlich.

Such a state of facts falls within the rule adopted by our courts, which is so well stated in 45 C.J.S. Insurance § 729, p. 735, as follows:

"Although there is some authority to the contrary, the general rule is that where insured at the time of applying for the policy truthfully states to the agent the facts involved in the risk, or the agent otherwise knows the facts, and the agent, acting within his real or apparent authority, and without the actual or constructive knowledge or collusion of the insured, inserts in the application or in the policy mistaken or intentionally false statements, the insurer cannot set up such misstatements in avoidance of the policy provided, according to some authorities, the policy would have been issued and been binding if the true answers as given by insured were set forth in the application.

"The rule applies whether the statements or answers are representations or warranties; and this is so although insured was present when the agent inserted the false statements."

(In support of this rule see Voss v. American Mutual Liability Insurance Co., Mo. App., 341 S.W.2d 270, 278; State ex rel. Bull Dog Auto Ins. Ass'n of Chicago v. Bland, 316 Mo. 559, 291 S.W. 499, 502; Watkins v. Prudential Insurance Co. of America, 236 Mo.App. 118, 151 S.W.2d 462,

466; Toler v. Missouri Insurance Co., Mo. App., 243 S.W.2d 788, 792; Russell v. Southeast Missouri Mutual Fire Ins. Co., Mo.App., 146 S.W.2d 674, 677.)

The policy had no provision or clause which would have made the policy void or excluded coverage if a person under a certain age drove the automobile. (For a case where it was contended that such an exclusion should be implied, see Varble v. Stanley, Mo.App., 306 S.W.2d 662, 664.) None can be implied here.

Finding no error in the judgment of the trial court, we affirm its determination of the issues.

PER CURIAM.

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.