465 P.2d 282

**Gilbert FIERRO, Plaintiff-Appellee,**

**v.**

**FOUNDATION RESERVE INSURANCE COMPANY, Inc., an Insurance Corporation, Defendant-Appellant.**

**No. 8916.**

Supreme Court of New Mexico.

Feb. 20, 1970.

Dewie B. Leach, Hobbs, for defendant-appellant.

William J. Heck, Hobbs, for plaintiff-appellee.

## OPINION

TACKETT, Justice.

In the District Court of Lea County, New Mexico, a jury awarded plaintiff $1,000 under an insurance policy issued by defendant, on which coverage had been denied. Defendant appeals.

Appellee obtained a policy of insurance from appellant on May 27, 1968. An accident occurred on September 13, 1968, and on October 31, 1968, after the policy had been in effect for approximately five months and apparently after notice of the accident, appellant cancelled the insurance and refunded the entire premium of $57 to appellee thereby denying coverage. Appellant alleged that the insurance contract should be declared null and void because of an alleged misrepresentation made by appellee in his application for insurance coverage in answer to question No. 11, as follows:

"11. CANCELLATION. No operator listed above has had automobile insurance declined, cancelled, cancellation requested, or renewal refused within the last 36 months, except as follows: Nil "

Appellee testified that appellant's agent completed the application; that he was not asked the above question; and that he signed the application at the request of the agent without reading or having the application read to him. The agent's testimony was directly contrary.

Appellant's only contention is that the trial court erred in refusing to give its requested instruction No. 5, which is as follows:

"You are instructed that an applicant for an automobile insurance policy is bound to know the contents of an application which he signs and is bound by false representations and warranties in the application, even though inserted by another, by signing he adopts and ratifies the representations regardless of whether or not he read the application or had it read to him or whether or not he had actual knowledge of the false statements before signing it."

The trial court instructed the jury, under its No. 5, as follows:

"You are instructed that the Plaintiff was required to give the correct answer to question numbered eleven in the application if you find he was asked that question by the Insurance Agent, or that he read it and understood it. I instruct you that the correct answer to this question was material in that it would effect the premium to be charged.

"Therefore, if you find the question was asked and that Plaintiff made a misrepresentation in his answer or that he read and understood it and withheld the truth, then it makes no difference

whether he acted fraudulently, negligently or innocently, he cannot recover.

"On the other hand, if you find that the question was not asked and that the Plaintiff did not read it, understand it, or know about it, then you shall find for the Plaintiff."

We agree with appellant's contention, that the trial court erred in giving its instruction No. 5 in lieu of appellant's requested instruction No. 5. Appellee admits signing the application for insurance, and that the answer to question No. 11 above was untrue and material; therefore, we must decide whether an instruction was proper which permits the jury to find for an insured, even if he had not read the application before signing it, or knowingly made false representations in it. We think not.

 An applicant for automobile insurance is bound to know the contents of an application which he signs, and is bound by false representations and warranties in the application, even though inserted by another since, by signing, he adopts and ratifies them, regardless of whether the insured read the application or had it read to him, or whether or not he had actual knowledge of the false statements, before signing it. 7 Blashfield Automobile Law and Practice, § 301.5 at 315–316; Prudential Insurance Company of America v. Anaya, 78 N.M. 101, 428 P.2d 640 (1967); Jessup v. Franklin Life Insurance Company, 117 Ga.App. 389, 160 S.E.2d 612 (1968); Kentucky Central Life Insurance Company v. Combs, 432 S.W.2d 415 (Ky. 1968); Stumpf v. State Farm Mutual Automobile Insurance Company, 252 Md. 696, 251 A.2d 362 (1969); Minich v. M. F. A. Mutual Insurance Company, 325 S.W.2d 56 (Mo. App.1959); Stockinger v. Central National Ins. Co., 24 Wis.2d 245, 128 N.W.2d 433 (1964).

In Modisette v. Foundation Reserve Insurance Company, 77 N.M. 661, 427 P.2d 21 (1967), this court held:

"The general rule, and the rule consistent with principles of contract and the duty of fair dealing, which is the duty imposed upon both the insurer and the insured, is that if misrepresentations be made, or information withheld, and such be material to the contract, then it makes no difference whether the party acted fraudulently, negligently, or innocently. * * *"

See cases cited therein. We are committed to the above view. See Rael v. American Estate Life Insurance Company, 79 N.M. 379, 444 P.2d 290 (1968), which follows the rule enunciated in Modisette v. Foundation Reserve Insurance Company, supra.

Further comment is unnecessary.

The case is reversed and remanded to the trial court, with instructions to reinstate the case on the docket and proceed in a manner consistent with this opinion.

It is so ordered.

MOISE, C. J., and SISK, J., concur.

COMPTON and WATSON, Justices (dissenting).

We concur in the law as set forth, but dissent in the result reached as we are of the opinion that the case should be sent back with direction to grant a new trial.