**Pauline E. MILLIGAN, Appellee,**

v.

**MFA MUTUAL INSURANCE COMPANY, Appellant.**

Court of Appeals of Tennessee,
Western Section.

May 24, 1973.

Certiorari Denied by Supreme Court
Aug. 6, 1973.

W. Frank Crawford, Thomason, Crawford & Hendrix, Memphis, of counsel, for appellant.

James A. Hopper, Ross & Hopper, Savannah, for appellee.

MATHERNE, Judge.

The plaintiff sues her automobile insurance carrier under the medical payment,

collision and tow service coverages afforded in the policy issued to her. The defendant by answer asserts the policy as issued by it is void from its inception because the plaintiff insured did falsely answer a certain question on her application for automobile insurance with the intent to deceive the defendant, and the misrepresentation so made was as to matters material to the risk involved and resulted in an increase in the risk of loss.

The matter allegedly misrepresented is reflected in the following question and answer on the plaintiff's signed application for automobile insurance:

"5. During the past 5 years, has any driver, applicant or member of the household:

(a) * * *

(g) had any insurer cancel or decline or refuse to renew any automobile insurance? No."

The facts reveal the plaintiff had automobile insurance on the subject automobile with Allstate Insurance Company for a policy period from August 4, 1970 to August 4, 1971. The plaintiff received a letter from Allstate Insurance Company dated September 8, 1970, notifying the plaintiff the company was cancelling the policy issued by it as of September 20, 1970, and advising the plaintiff she might possibly be eligible for insurance through the Tennessee Automobile Insurance Plan.

The plaintiff, on September 18, 1970, made application with the agent of the defendant company for automobile insurance, and on that date answered the question as above shown. The agent issued a binder effective September 18, 1970. The premium was paid, and the defendant issued its policy to the plaintiff. There is no denial of the answer made to question 5(g); the usual contract provisions that the binder issued in reliance upon the statements in the application, and the policy issued in reliance on the declarations made a part thereof, all exist in the present transaction.

No fraud, misrepresentation or inducement is charged to the company or its agent.

On January 8, 1971, the plaintiff was involved in a one car accident wherein she allegedly sustained personal injuries, and her automobile was a total loss. After the accident, and while investigating the claim as filed with it by the plaintiff, the defendant insurer learned of the cancellation of insurance by Allstate Insurance Company. By letter dated March 8, 1971, the defendant notified the plaintiff that it denied coverage because of the false answer made to question No. 5(g) as noted, and enclosed a check payable to the plaintiff in the full amount of the premium paid.

The Chancellor held the plaintiff as a layman could have understood question No. 5(g) related to the effective date of cancellation, and not to the date of notice of cancellation. The Chancellor found as a fact the answer to question No. 5(g) was not made with the intent to deceive; and if it was a misrepresentation it did not increase the risk of loss. The Chancellor accordingly held the policy in force and entered judgment against the defendant insurer for $3,180.24. The defendant appeals to this Court.

We must first determine if there was a cancellation by Allstate Insurance Company. The plaintiff testified she did not remember the agent asking her question No. 5(g), but she did remember certain other questions. The plaintiff did testify she knew she had a policy with Allstate and in relation to that policy she stated:

"Q. Had you received a letter of cancellation?

A. I had received a letter that it would be later on, but I didn't know what date it was going to be."

On the issue of cancellation by Allstate we hold the provisions of T.C.A. § 56–1154 not applicable, because the policy had not been in effect for sixty (60) days. There is no showing the Allstate policy was a renewal policy, and having been in

effect less than sixty (60) days the statutory notice of cancellation is governed by T.C.A. § 56–1156(2), which required ten days written notice before cancellation can be effective. There is no question but that T.C.A. § 56–1156 was complied with by Allstate. Having found Allstate effected a legal cancellation, the issue is whether the plaintiff can justify her answer as given to question 5(g) on the theory she thought the question related to the effective date of cancellation; and whether a "No" answer to the question is justifiable at any time after notice of cancellation and prior to the effective date of cancellation. We fail to find a reported Tennessee case on the issue.

We hold as a fact the plaintiff, at the time she made application for automobile insurance with the defendant company, had received from Allstate Insurance Company a letter notifying her that her policy with that company was cancelled effective two days from the date of her application with the defendant. The notice of cancellation received by the plaintiff from Allstate clearly and unequivocally informed the plaintiff the company was unwilling to continue upon the risk of insuring her automobile. The plaintiff understood the import of that notice of cancellation and applied for other insurance in the defendant company. There is no misunderstanding on the part of the plaintiff. With full knowledge she simply gave a false answer to question 5(g). Under these circumstances, we hold as a matter of law there was a cancellation by Allstate as contemplated in question No. 5(g). The fact the cancellation is to become effective at a future date has no bearing on the issue. See and compare: Strong v. State Farm Mutual Insurance Company (1956) 76 S.D. 367, 78 N.W.2d 828; Emery v. Pacific Employers Insurance Co. (1937) 8 Cal.2d 663, 67 P.2d 1046; Klim v. Johnson (1958) 16 Ill.App.2d 484, 148 N.E.2d 828; Couch on Insurance 2d, § 37:370, p. 724.

On the issue of the effect a misrepresentation made in an application for insurance has on the policy of insurance, the Tennessee Legislature has passed the following statute:

"T.C.A. § 56–1103: *Misrepresentation or warranty will not avoid policy—Exceptions.*—No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss. [Acts 1895, ch. 160 § 22; Shan., § 3306; Code 1932, § 6126.]"

We fail to find a reported Tennessee case dealing with the specific question of whether a misrepresentation by the insured as to prior cancellation of, or refusal to renew, an automobile insurance policy, constitutes such misrepresentation as to fall within the statutory exceptions allowed by T.C.A. § 56–1103.

When a false representation in the application is established, whether that misrepresentation increased the risk of loss, is, under the statute and at common law, a question of law for the court. Volunteer State Life Ins. Co. v. Richardson (1922) 146 Tenn. 589, 244 S.W. 44; Tegethoff v. Metropolitan Life Ins. Co. (1966) 57 Tenn.App. 695, 424 S.W.2d 565.

It is also established in this State whether the false statement proven was made with the "actual intent to deceive" is a question of fact. Hunter v. United States Fidelity & Guaranty Co. (1914) 129 Tenn. 572, 167 S.W. 692; Gipson v. Mutual Ben. Health & Acc. Ass'n. (1950) 33 Tenn.App. 167, 230 S.W.2d 413.

In order to fall within the exception allowed by Section 56–1103 and amount to a misrepresentation which increases the risk of loss, the thing misrepresented need not necessarily be one that in-

creases the hazard in the sense that it actually occasions or contributes to the loss. Volunteer State Life Ins. Co. case, supra; Mutual Life Ins. Co. v. Dibrell (1916) 137 Tenn. 528, 194 S.W. 581.

■ The rule as announced and followed by our courts is that a misrepresentation about any matter of sufficient importance, in the opinion of the court, to naturally and reasonably influence the judgment of the insurer in making the contract, is a misrepresentation that "increases the risk of loss" within the sense of Section 56–1103. Hughes Bros. v. Aetna Ins. Co. (1923) 148 Tenn. 293, 255 S.W. 363; Tegethoff v. Metropolitan Life Ins. Co., supra, and the cases therein cited.

In Mutual Life Ins. Co. v. Dibrell, supra, the insured stated in the application for life insurance he had not been previously denied a policy of life insurance as applied for by any insurance company, whereas, the facts revealed the insured had been examined and denied life insurance applied for on four occasions dealing with applications to three other companies within a period of a little more than three months prior to the application in question. The Court held the misrepresentation rendered the policy void. For a similar holding on a life insurance policy, see: Robbins v. New York Life Ins. Co. (1934) 18 Tenn. App. 70, 72 S.W.2d 788.

The materiality of the information sought, and the natural and reasonable influence the information would have on the decision of the insurer to issue the policy, may be broken down as follows:

(1) If there were a disclosure of a cancellation or refusal to renew by another company, the insurer would be put on guard and could make its own inquiries as to the reasons, and it could then decide to accept the risk at a higher premium, or refuse to issue the policy, dependent upon the information gathered.

(2) The writing of automobile insurance is a competitive business, and it may be assumed each company engaged therein is actively soliciting and writing these policies for individuals who establish themselves as acceptable risks. If one company so engaged refused to renew or cancelled such a policy it follows as a matter of course there was some reason for that action. With no further information the company to which application is made would be naturally and reasonably influenced by the action of the cancelling company.

(3) In summary of the two statements above made it can only be concluded the fact of cancellation by one company would directly affect the opinion of the issuing company in estimating the degree or character of risk, and in fixing the rate of premium charged; a denial or withholding of the information, or a false statement thereof, would materially affect the judgment of the issuing company.

We therefore conclude a false representation made by an applicant for automobile insurance to the effect he has not suffered a cancellation or refusal to renew by any other company is a misrepresentation of information material to the issuance of the policy; would naturally and materially influence the judgment and decision of the company to which application is made; and does increase the risk of loss. Such a false representation, relied upon by the company, renders the policy void in its inception. For similar holdings from other jurisdictions, see: Minich v. MFA Mutual Ins. Co. (Mo.App.1959) 325 S.W.2d 56; Klim v. Johnson, supra; Safeco Ins. Co. of America v. Gonacha (1960) 142 Colo. 170, 350 P.2d 189; Vest v. Richardson (La.App.1971) 253 So.2d 97; Nationwide Mutual Ins. Co. v. Stephens (D.C.Va.1970) 313 F.Supp. 890; Fierro v. Foundation Reserve Ins. Co. (1970) 81 N.M. 225, 465 P. 2d 282; Strong v. State Farm Mutual Ins. Co., supra; Republic Mutual Ins. Co. v. Wilson (1940) 66 Ohio App. 522, 35 N.E. 2d 467.

■ Where an application for insurance contains false representations which "in-

crease the risk of loss," such misrepresentations will be deemed material, and will defeat or void the policy or prevent its attaching, whether made "with actual intent to deceive" or not. Standard Life Ins. Co. of the South v. Strong (1935) 19 Tenn. App. 404, 89 S.W.2d 367; National Life & Accident Ins. Co. v. Lewis (1935) 19 Tenn.App. 459, 89 S.W.2d 898; Lincoln American Life Ins. Co. v. Stephens (1969) 60 Tenn.App. 221, 445 S.W.2d 910; Bauer v. Mutual of Omaha Ins. Co. (1969) 62 Tenn.App. 189, 460 S.W.2d 366. It is therefore not necessary that we pass upon the issue of whether the plaintiff made the misrepresentation with the actual intent to deceive.

We conclude the policy sued upon is void. The decree of the Chancellor is reversed, and this lawsuit is dismissed. All costs in the Trial Court and in this Court are adjudged against the plaintiff-appellee.

CARNEY, P. J., and NEARN, J., concur.