OPINION OF THE COURT
Memorandum.
Order unanimously modified by directing judgment to be entered in favor of plaintiff on the first cause of action and in favor of the defendant on the second cause of action and, as so modified, affirmed, without costs.
Plaintiff brings this action to recover amounts alleged to be due under the terms of two policies of insurance issued by the defendant on the life of her husband. Since there is no factual dispute as to the surrender, prior to the death of the insured, of the policy involved in the second cause of action, the defendant is entitled to summary judgment as to it. The controversy is therefore confined to the policy involved in the first cause of action, a joint policy of life insurance issued on the lives of both the plaintiff and her now deceased husband which by its material terms terminated on the death of either with benefits payable to the survivor. It is basically undisputed that the plaintiff wife told defendant’s agent prior to the issuance of the policy that she suffered from hypertension and diabetes; that he *38 recommended taking a physical examination in any event and that her application for the policy failed to set forth the true facts regarding her state of health as required.
That the misrepresentations on the application were material and that they would have permitted the defendant to avoid the policy had plaintiff predeceased her husband is indisputable (see Insurance Law, § 149; O’Connell v Eastern Sav. Bank, 51 NY2d 524). The question is whether in view of the joint nature of the policy, plaintiff’s misrepresentations also permitted the defendant to avoid liability, even though her husband, whose application was truthful, predeceased her.
It is our opinion that a policy of this nature is severable since it is undisputed that the defendant would not have refused to issue a policy on the life of the decedent alone, and since defendant could have avoided completely any risk incurred as a result of the plaintiff’s misrepresentations (see Rhine v New York Life Ins. Co., 273 NY 1; see, also, Wilkinson v Standard Acc. Ins. Co., 180 Cal 252). Since the contract is severable and since plaintiff is not recovering as an insured, her misrepresentations should not bar her recovery here (see 7 Couch, Insurance [2d ed], § 35:163; cf. Schuster u Dutchess County Ins. Co., 102 NY 260).
In view of the foregoing, plaintiff is entitled to summary judgment on the first cause of action, even though she neither moved for such relief in the court below nor appealed (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106).
Pino, P. J., Jones, and Kunzeman, JJ., concur.