474 So.2d 1210 (1985)
RESERVE LIFE INSURANCE COMPANY, Appellant,
v.
John M. LOMOLINO, Appellee.
No. 84-2385.
District Court of Appeal of Florida, Fourth District.
August 7, 1985.
Rehearing and Certification Denied September 25, 1985.
William D. Ricker, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellant.
Ronald D. Poltorack of Law Offices of Ronald D. Poltorack, P.A., Fort Lauderdale, for appellee.
COOK, JACK H., Associate Judge.
Appellant, Reserve Life Insurance Company ("Reserve"), appeals from a directed verdict finding it liable to appellee, John M. Lomolino, for health insurance benefits under an insurance contract. We affirm.
In June 1981, an agent for Reserve prepared an application for a health insurance policy for John Lomolino and his wife, Jane. Subsequently, Reserve issued the insurance policy based upon the information contained in the application. Although *1211 one premium was charged, it is apparent from the face of the policy that the premium was calculated by totaling the separate charges for the coverages obtained by both John and Jane Lomolino.
On February 6, 1982, Jane died and a claim was filed for benefits under the policy. John became ill in April 1982, and filed a claim for benefits under the policy. During the investigation of Jane's claim, it was found by Reserve that certain material misrepresentations had been made concerning Jane's prior health history. These misrepresentations appear on the application, which was signed by John. After learning of the misrepresentations concerning Jane, Reserve continued to accept John's premiums, at the same rate originally calculated for him separately, until the latter part of July 1982. In July 1982, Reserve declared the policy rescinded as to both John and Jane pursuant to section 627.409, Florida Statutes (1981).
The parties agree that if the contract of insurance as to John is severable from the contract as to Jane, the trial court's judgment should be affirmed. This is so because the misrepresentations concerning Jane would have had no bearing on the acceptance of the risk, the hazard assumed, or the premium charged relative to John Lomolino. We hold that the contract is severable.
In Local No. 234 v. Henley & Beckwith, 66 So.2d 818, 821-822 (Fla. 1953), our supreme court addressed the question of severability as follows:
[T]he authorities hold generally that a contract should be treated as entire when, by a consideration of its terms, nature, and purpose, each and all of its parts appear to be interdependent and common to one another and to the consideration Stokes v. Baars, 18 Fla. 656; 12 Am.Jur., Contracts, sec. 316. Stated differently, a contract is indivisible where the entire fulfillment of the contract is contemplated by the parties as the basis of the arrangement. Hyde & Gleises v. Booraem & Co., 16 Pet. 169, 10 L.Ed. 925. On the other hand, a bilateral contract is severable where the illegal portion of the contract does not go to its essence, and where, with the illegal portion eliminated, there still remains of the contract valid legal promises on one side which are wholly supported by valid legal promises on the other. Williston on Contracts, rev. ed., Vol. 6, sec. 1782.
Whether a contract is entire or divisible depends upon the intention of the parties. Ireland v. Craggs, 5 Cir., 56 F.2d 785. And this is a matter which may be determined "by a fair construction of the terms and provisions of the contract itself, and by the subject matter to which it has reference." 12 Am.Jur., Contracts, sec. 315.
In this case it appears that the parties intended that the contract be severable. The unrebutted testimony of John Lomolino is that he and his wife intended to each procure coverage for themselves and were each quoted a premium by the insurance agent. This is supported by the manner in which the policy premium was eventually calculated. Additionally, when Jane died, Reserve treated the coverage as severable by adjusting the premium to exclude Jane and continuing the coverage for John under the same policy at the premium previously calculated. Furthermore, Reserve continued to accept premiums from John for his separate coverage even after it had knowledge of the misrepresentations relative to Jane.
Appellant urges that the cases of Prudential Insurance Company of America v. Anaya, 78 N.M. 101, 428 P.2d 640 (1967), and Rael v. American Estate Life Insurance Company, 79 N.M. 379, 444 P.2d 290 (1968), should guide our decision in this case. We find that those cases are factually distinguishable from the present case, and that Farley v. Metropolitan Life Insurance Company, 125 Misc.2d 37, 480 N.Y.S.2d 82 (1984), is more closely on point. In Farley, supra, a husband and wife had entered into a joint life insurance contract with Metropolitan Life Insurance Company. Under the terms of the contract the surviving spouse would collect insurance benefits *1212 upon the death of the other spouse, and the contract would then be completed. The wife made certain misrepresentations relative to her medical history, but the husband was the first to die. The New York Court held that the policy was severable because Metropolitan Life would have issued the policy on the deceased husband alone, and the wife's misrepresentations were not material to that risk. In the instant case, the appellant did in fact issue the policy to the appellee when it deleted Jane Lomolino from the coverage, adjusted the premium, and accepted the premium from John Lomolino for his coverage alone.
Thus, the judgment below is affirmed.
AFFIRMED.
LETTS and DELL, JJ., concur.