THE STATE ex rel. EDMOND KOELN, Collector of City of St. Louis, v. ST. LOUIS YOUNG MEN'S CHRISTIAN ASSOCIATION et al., Appellants.

**Division Two, June 23, 1914.**

1. **TAXATION: Real Estate: Used Exclusively for Religious Purposes.** Where some of defendant's rooms on the lower floor are rented for stores and other commercial purposes, the whole property is taxable. Even though that portion constitute less than fifteen per cent of one floor, and the rest of the building be used for religious and educational purposes, the property is not used "exclusively" for those purposes, and is therefore taxable.

2. ———: ———: ———: **Neglect of Officers to Assess.** The mere neglect of lawfully constituted authorities for many years to assess property for purposes of taxation will not effect a repeal of a plain statute or constitutional provision, although if the law were susceptible of more than one construction that neglect would be persuasive argument that it is not taxable.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Spencer & Donnell* for appellants.

(1) Where the policy of a State is to exempt from taxation property used exclusively for religious, school, or educational purposes, such exemptions should not be construed as strictly as exemptions contrary to the public policy of the State, for as to such property, "exemption is the rule and taxation the exception."

"As the policy of the State has always been to exempt property of the character mentioned . . . it should not be construed with the same degree of strictness that applies to provisions making exemptions contrary to the policy of the State since as to such property exemption is the rule and taxation the

exception." Commonwealth v. Y. M. C. A., 8 Va. App. 539; Bishop v. Rapahoe County, 89 Cal. 143; M. E. Church South v. Hinton, 92 Tenn. 188; State v. Fiske University, 87 Tenn. 223; Lodge v. Groesbeck, 120 Pac. (Utah) 192; W. and O. Home v. Bosworth, 112 Ky. 200; W. and O. Home v. Comm., 126 Ky. 386; St. Paul Church v. Concord, 75 N. H. 420; People v. Sayles, 50 N. Y. Supp. 8; Philips Academy v. Andover, 175 Mass. 118. (2) When the main primary use of property is for purposes which are exempt from taxation, the mere fact that small parts of such property are used for income will not destroy the dominant use and make the entire property taxable. N. St. L. Gym. Soc. v. Hudson, 12 Mo. App. 344, 85 Mo. 32; State ex rel. v. Johnson, 214 Mo. 663; People ex rel. v. Lawler, 77 N. Y. Supp. 840; M. E. Church South v. Hinton, 92 Tenn. 188; Sisters v. Board of Review, 231 Ill. 317; County of Hennepin v. Brotherhood, 27 Minn. 460; Mt. Hermon Boys' School v. Gill, 145 Mass. 139; Commonwealth v. Y. M. C. A., 116 Ky. 711; People v. Sayles, 50 N. Y. Supp. 8. (3) Where a part of a Young Men's Christian Association building is used for income, such part so used for income may be taxed, while the remainder of the building is exempt. Y. M. C. A. v. Douglas County, 60 Neb. 642; S. S. Union v. Phil., 161 Pa. St. 307; Phil. v. W. C. A., 125 Pa. St. 572; Y. M. Soc., 3 Mich. 172; Appeal Tax. Ct. v. Grand Lodge, 50 Mo. 421; Massenburg v. Grand Lodge, 81 Ga. 212; Grand Lodge v. New Orleans, 44 La. Ann. 569. (4) Under somewhat varying constitutional provisions it has been held in many states that all property of religious, educational or charitable institutions is exempt whether used for such purposes or invested for income. Trustees v. Louisville, 110 Ky. 470, 40 L. R. A. 119; Hospital v. Burdsall, 42 Atl. (N. J.) 853; New Haven v. Scien. School, 59 Conn. 163.

*Edward W. Foristel* and *Frank H. Haskins* for respondent.

(1) Even though a building is otherwise exempt from taxation, still, if a portion of the building is rented for business purposes this destroys the exemption. The fact that the rent is applied toward the charitable purposes of the association does not alter the rule. Fitterer v. Crawford, 157 Mo. 51; Arkadelphia Lodge v. Crawford, 157 Mo. 357; Wyman v. St. Louis, 17 Mo. 335; State ex·rel. v. Johnston, 214 Mo. 656; Gore v. Y. M. C. A., 157 Ill. 403. (2) If a portion of a building is used for charitable or educational purposes and the balance rented out, the two portions cannot be separated and the one taxed and the other not, but the entire building is subject to taxation. Fitterer v. Crawford, 157 Mo. 63.

BROWN, J.—Action to collect general taxes on real estate. From a judgment for plaintiff, defendants appeal.

Respondent Koeln is the collector of the revenue in and for the city of St. Louis. The defendant St. Louis Young Men's Christian Association is a religious and educational association, organized under the laws of Missouri (Art. 10, chap. 33, R. S. 1909). It is the principal defendant, and, for the purposes of this opinion, will hereafter be treated as the sole defendant.

Defendant owns two buildings in the city of St. Louis, which are mainly used for the physical education and spiritual and social development of young men and boys. However, some of the rooms on the first floor of said buildings, aggregating about fifteen per cent of the floor space thereof, are rented for stores and other commercial purposes. The rentals received by defendants are used only to promote the religious and educational work of the defendant association. The amount of taxes for which judgment was rendered

is $2768.92, which about equals the amount received for that portion of defendant's property rented for commercial purposes.

Some of the lands upon which defendant's buildings are situated, and upon which the taxes in controversy were levied, are held by defendant under lease, while another part thereof is owned by defendant in fee, but no point is made by defendant on account of this diversity of ownership; therefore, for the purposes of this action we will treat the taxes as having been levied upon property belonging wholly to defendant. The amount of support which defendant receives from voluntary contributions far exceeds its income from the rental of space in its buildings. The land upon which the taxes in controversy were assessed has been used for twenty years in the same manner as at present, during which twenty years no attempt has been made to assess general taxes against it.

I. The facts above recited are admitted by stipulation to be correct. On those facts the defendant contends that its real estate is not subject to taxation. It asserts that renting fifteen per cent of the space in its buildings for commercial purposes, while the remaining eighty-five per cent is devoted to the purposes of the said association, does not render its real estate subject to general taxes.

Taxation:
Y. M. C. A.
Property.

Section 6, article 10, Constitution of Missouri, after exempting property of the State, municipalities and cemeteries, provides that the following additional property, to-wit: "Lots in incorporated cities or towns . . . to the extent of one acre, . . . with the buildings thereon, may be exempted from taxation, when the same are used exclusively for religious worship, for schools, or for purposes purely charitable." Section 7 of said article 10, Constitution of Missouri, further provides that "all laws exempting property

from taxation, other than the property above enumerated, shall be void.'' Then comes section 11335, Revised Statutes 1909, which follows the precise language of the Constitution by exempting land to the extent of one acre when located in incorporated cities and towns and ''used exclusively for religious worship, for schools, or for purposes purely charitable.''

Two of the cases cited by respondent (Taylor v. Labeaume, 17 Mo. 338; and Fitterer v. Crawford, 157 Mo. 51) furnish very strong support for the decree of the circuit court. The ruling in the Fitterer case (157 Mo. 51) is a construction of our present Constitution and statute, and holds that a building owned by a Masonic lodge, on account of the charitable designs and practices of such lodge, is exempt from taxation, so long as it is used exclusively for such lodge purposes, but when two of the floors of such building are rented for commercial purposes then the entire building becomes subject to taxation. In deciding that case it was said: ''There is a very material difference between the 'use of a building exclusively for purely charitable purposes,' and renting it out, and then applying the proceeds arising therefrom to such purposes. To rent out a building is not to use it within the meaning of the statute, but in order to use it, it must be occupied or made use of. Moreover, by leasing the property the lodge becomes the competitor of all persons having property to rent for similar purposes, and the plain and obvious meaning of the statute is that such property shall not be exempt from taxation.''

We are aware of the ruling in the case of State ex rel. v. Johnston, 214 Mo. 656, wherein it was held that a military school was not rendered subject to taxation because the proprietor of such school and his family used a part of the school property as their residence, the presence of such proprietor being continually necessary in supervising the property and caring for his patrons. However, the facts in that case

are so widely different from the one at bar that it affords no substantial support for plaintiff's contention.

Appellant's learned counsel cite cases from other jurisdictions where it has been held that only such per cent of a building owned by a religious corporation as is used for commercial purposes shall be subject to taxation, but we cannot bring ourselves to believe that any such intent was in the minds of the framers of our Constitution. Just what was in the minds of the framers of our Constitution, it is not necessary to ascertain. What they have said in regard to tax exemptions is so clear as to carry its own construction. We need only to read what they have said, and construe their words according to their "plain or ordinary and usual sense." [Sec. 8057, R. S. 1909.] The neglect of lawfully constituted authorities to assess taxes against defendant's property would be pursuasive evidence that said property is not taxable, if the law were susceptible of more than one construction. [Westerman v. Supreme Lodge, 196 Mo.l. c. 709.] However, the mere neglect of public officers, or others, to obey a plain constitutional provision or statute will not effect its repeal. [Lucas v. Brown, 127 Mo. App. 645, l. c. 653; Folk v. St. Louis, 250 Mo. 116, l. c. 141.]

However much we may sympathize with the exalted purposes of defendant, the words "dominant use" or "principal use" cannot be substituted for the words *"used exclusively"* without doing violence to a document which we have sworn to support and uphold.

Finding it our plain duty to affirm the judgment *nisi*, it is so ordered.

*Walker, P. J.,* and *Faris, J.,* concur.