THE ST. LOUIS YOUNG MEN'S CHRISTIAN ASSOCIATION, Appellant, v. FRED GEHNER, as Assessor of the City of St. Louis, ET AL.—47 S. W. (2d) 776.

Court en Banc, March 15, 1932.

1008

*Daniel N. Kirby, Harry W. Kroeger, Joseph W. Lewis, George C. Mackay* and *Wilbur B. Jones* for appellant.

*Julius T. Muench* and *Charles J. Dolan* for respondents.

1010

GANTT, J.—Plaintiff, Missouri corporation, seeks to, enjoin defendants, tax assessing and collecting officers of St. Louis, from collecting taxes for 1931 assessed against its lots in said city. The petition for injunction was denied. Plaintiff appealed.

This is the third effort of plaintiff to exempt its lots from taxation. [State ex rel. v. Y. M. C. A., 259 Mo. 233, 168 S. W. 589; State ex rel. v. Gehner, 11 S. W. (2d) 30.]

In the last named case we held the lots were not exempt. The facts in the instant case are the same, except that in the instant case the evidence shows that the business is limited to dealings with members, whereas, in the last named case the evidence showed that the business was transacted with members and non-members. On the evidence in the last named case we held that the buildings were not used exclusively for purely charitable purposes. Plaintiff construed the opinion to hold that if it only transacted business with members, its property would be exempt from taxation. Thereafter it limited the transaction of business to members. It now requires a person to sign an application for membership and to pay a membership fee of $1 per year. On doing so he becomes a member and entitled to transact business with plaintiff. In State

ex rel. v. Gehner, supra, we ruled the question on the facts presented by the record. The statute does not exempt property because its use is limited to members of an organization. But plaintiff claims that the use of the lots by members only is a use exclusively for religious worship, for schools and other purposes purely charitable, and for that reason the lots are exempt from taxation under Section 6, Article X, Constitution, and Section 9743, Revised Statutes 1929.

Plaintiff was organized by *pro forma* decree of the circuit court under the statutes governing benevolent, religious, scientific, fraternal, beneficial, educational and miscellaneous associations. Its purpose is declared in its charter to be "the improvement of the spiritual, mental, social and physical condition of young men." It is described by its general secretary as follows:

"Q. Now, isn't it a fact, Mr. Haworth, that your organization could be more accurately described as a character-building organization than as a charitable organization? A. I think that is correct. It could be described as a character-building and educational-building and religious organization."

Even so, the purpose and object of the organization, standing alone, is not determinative of the question.

In State ex rel. v. Gehner, supra, after reviewing the authorities, we said:

"It will therefore be seen that the test for tax exemption is not the number of good purposes to which a building may be put, nor the amount of good derived by the general public in the operation of such purposes, but whether the building is used *exclusively* for religious, educational, or charitable purposes. If it is used for one or more commercial purposes, it is not *exclusively* used for the exempted purposes, but is subject to taxation."

Thus it appears that the question turns on the use of the lots. In this connection it may be stated that we are committed to a strict construction of statutes exempting property from taxation. [State ex rel. v. Gehner, supra.] The rule is stated by a standard text as follows:

"An intention on the part of the Legislature to grant an exemption from the taxing power of the State will never be implied from language which will admit of any other reasonable construction. Such an intention must be expressed in clear and unmistakable terms, or must appear by necessary implication from the language used, for it is a well-settled principle that. when a special privilege or exemption is claimed under a statute, charter or act of incorporation, it is to be construed strictly against the property owner and in favor of the public. This principle applies with peculiar force to a claim of exemption from taxation. Exemptions are never presumed, the burden is on a claimant to establish clearly his right

to exemption, and an alleged grant of exemption will be strictly construed and cannot be made out by inference or implication but must be beyond reasonable doubt. In other words, since taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms; it cannot be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain; and the burden of establishing it is upon him who claims it. Moreover, if an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is that the State has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute the favor would be intended beyond what was meant." [2 Cooley, Taxation (4 Ed.) pp. 1403-1408.]

We now consider the facts, a detailed statement of which may be found in State ex rel. v. Gehner, supra. On the lots in question there are buildings as follows:

The building at 16th and Locust Streets is a ten-story structure. A cafeteria, barber shop, tailor shop, community boys' club, shower baths and swimming pool are in the basement; a lobby, lounge, reading and writing room, billiard room, soda fountain, offices and a lobby, game and club rooms, locker and offices for boys are on the first floor; an assembly hall for general use, educational class rooms, gymnasium and offices are on the second floor; hand ball courts and educational class rooms are on the third floor; the offices of the Metropolitan Church Federation, the general offices and bedrooms are on the fourth floor; hand ball courts and bedrooms are on the fifth floor; the sixth, seventh, eighth, ninth and tenth floors are used for bedrooms. The building contains bedrooms to accommodate five hundred persons.

The building at Grand and Sullivan Avenues is a four-story structure. A cafeteria, billiard room, bowling alley, barber shop, locker room, shower baths and swimming pool are in the basement; a lobby reading room, writing room and gymnasium are on the first floor; an assembly room, class rooms and other rooms are on the second floor; a hand ball court and bedrooms are on the third floor; the fourth floor is used for bedrooms. The building contains bedrooms to accommodate one hundred and forty persons.

The building at 2838 Pint Street (colored department) is a four-story structure. A cafeteria, billiard room, locker rooms, shower baths, and swimming pool are in the basement; a lobby, reading room, game room, offices and gymnasium are on the first floor; class rooms and bedrooms are on the second floor; the third floor is used for bedrooms, and an assembly room and bedrooms are on the fourth floor. The building contains bedrooms to accommodate

ninety-seven persons. Only men between eighteen and thirty years of age are permitted to occupy the bedrooms in these buildings.

Plaintiff's activities are not confined to the buildings. At the time of the trial it was instructing boys, organized into community clubs, at 167 places in the city. The instruction was along physical, educational, social, moral and religious lines. The community club boys pay no dues. It also was active in the buildings by there instructing along the same lines boy scouts, Western Union boys and other groups. Furthermore one-half of the bible classes and discussion groups promoted by plaintiff are not held in the buildings, and only twenty per cent of the young men attending night school live therein.

Plaintiff is supported by income from business operations, membership dues and community fund contributions of the city. It charges for use of the billiard room, soda fountain, cafeteria, barber shop, tailor shop, swimming pool, shower baths, gymnasium, hand ball courts and educational facilities. The only spaces in the buildings free of charge are assembly halls, bible class rooms and offices.

It is clear from the record that plaintiff is, in effect, conducting hotels or boarding houses. But it argues that the business creates "contacts with large numbers of young men," thereby affording them an opportunity of participating in its activities for "the improvement of the spiritual, mental, social and physical condition of the young men, and for that reason the business is pure charity within the meaning of the tax exemption statute." It further contends that some of the young men may avail themselves of the opportunity. These contentions may be conceded, and still the property is not exempt for the reason the statute does not exempt property that *may be* used for purposes ᵖᵘʳˡ charitable, but exempts property that is *exclusively* used for such purposes.

In ruling the question in State ex rel. v. Board of Assessors, 52 La. Ann. 223, 26 So. 872, l. c. 876, it was said:

"The argument is that caring for the social, moral and spiritual condition of men is charity in the broadest sense, and that a place provided by the association where young men can assemble for religious exercises. and be secluded from temptation, is a charity and a blessing. We wish we could yield to this reasoning. It demonstrates the capacity of the association to aid in the intellectual improvement of young men. and the usefulness of the association in promoting religious purposes. But. in our opinion, the argument fails to bring the association and its rooms within the exemption granted in the Constitution to property actually used for charitable purposes. We are dealing with a question of exemption under the imperative rule. so often affirmed. of strict construction. If the property of the association is to be exempt because of the tendency of the association to advance the intellectual

and moral condition of young men, it would be the beginning of a latitudinous construction that far exceeds the bounds the Constitution imposes.''

We have again considered the authorities cited by plaintiff but adhere to the rule of strict construction of statutes exempting property from taxation.

The judgment should be affirmed. It is so ordered. All concur.