**ST. JOHN'S MEDICAL CENTER, INC.,
et al., Respondents,**

v.

**James R. SPRADLING, Director of .Revenue,
State of Missouri, Appellant.**

**No. 58191.**

Supreme Court of Missouri,
Division No. 1.

June 10, 1974.

Forrest P. Carson, Cullen Coil, Jefferson City, for respondents.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for appellant.

LAURANCE M. HYDE, Special Commissioner.

Action for declaratory judgment by four hospitals against the Director of Revenue who had demanded that they obtain retail sales tax licenses and pay sales tax on their receipts from sales of food in their food service facilities and from sales of items in their gift shops. The trial court found each plaintiff to be a charitable institution exempt from the collection or payment of sales tax on its sales of food and on its sales of items from its gift shop. We have jurisdiction because the construction of the state revenue laws is involved. We affirm.

The court made specific findings of fact which we summarize as follows:

St. John's Medical Center of Joplin, Lester E. Cox Medical Center of Springfield and St. Joseph Hospital of Kansas City are pro forma decree corporations organized and existing under the law relating to organization of charitable and religious corporations. Pemiscot County Memorial Hospital of Hayti is a county hospital organized and operating under §§ 205.160–205.340, RSMo 1969, V.A.M.S. Each plaintiff claims exemption from sales tax under § 144.040, Subd. 1, RSMo 1969, V.A.M.S. Each plaintiff is a not-for-profit hospital for the acutely sick and none of them have any capital stock or pay any dividends. All profits or gifts go into the hospital treasuries. No salaries, fees or wages are paid to hospital trustees or directors or to any person except wages to

**418**

regular hospital employees. Each hospital admits charity patients and no patient is refused admittance because of inability to pay.

Each plaintiff's food service is operated by its dietary department which includes:

"(a) the preparation and serving of food to patients in hospital rooms or in a cafeteria, coffee shop or dining room in some instances;

"(b) the preparation and serving of food to hospital personnel, sometimes to members of the medical staff, sometimes to relatives or others visiting patients at meal time, sometimes to vendors or salesmen who are at the hospital at meal time, sometimes to hospital trustees or directors who are in the hospital at meal time, and sometimes to other members of the public not in the above-mentioned categories. Patients, unless charity patients, are charged for food as are all others above-mentioned and no sales tax is collected on such sales. All revenue from food sales goes into the dietary department receipts which in turn go into the treasury of the applicable hospital."

Pemiscot County Memorial Hospital does not operate a gift shop; the other three do through auxiliaries of volunteer women which are separate voluntary organizations under the supervision of and responsible to the governing board of the hospital. The St. Joseph Auxiliary is a separate corporation. The gift shops are operated primarily for the convenience of hospital patients and their visitors, selling such items as soap, toothpaste, magazines, get-well cards, playing cards, toys and stuffed animals. It is customary for Missouri hospitals to have gift shops operated by women's auxiliaries and the court found these are not in competition in any real sense with commercial establishments selling the same items. Their prices tend to be higher than outside stores. Each auxiliary intends to and does make a profit from gift shop sales, all of which goes to its hospital for use in the accomplishment of its stated charitable purposes.

Hill-Burton federal funds may be used to construct cafeterias, coffee shops and gift shops in hospitals. The Missouri department administering the hospital licensing law recognizes that the food and gift shop services benefit patients and Missouri hospitals usually have them. There is a 24-hour a day snack bar operated by the Servomation Corporation in some of these hospitals which collects and remits sales tax on the food it sells.

The State's brief relies mainly on cases from other states which are not hospital cases, such as Woman's Athletic Club of Chicago v. Isaacs, 30 Ill.2d 207, 195 N.E. 2d 647 (1964), and Young Men's Christian Association v. State, 62 Wash.2d 504, 383 P.2d 497 (banc 1963). The principal Missouri case cited is Evangelical Lutheran Synod v. Hoehn, 355 Mo. 257, 196 S.W.2d 134 (1946), which involved a claim of exemption of taxes on real estate owned by the Synod and used for publication of its books and periodicals for profits which were devoted to religious purposes. We held that the applicable provision of our 1875 Constitution required that "tax exempt land must be used *exclusively* for religious worship or purposes *purely* charitable"; and that "[a] competitive commercial business operated for profit does not comply with that requirement, even though the profits are devoted to religion." We have a different issue here under § 144.040, subd. 1, as to sales tax, which exempts from sales tax "all sales made by or to religious and charitable organizations or institutions * * * in their religious, charitable or educational functions and activities."

This court took too narrow a view as to tax exemption in three early Y. M. C. A. cases under the provisions of the 1875 Constitution in State ex rel. Koeln, Collector v. St. Louis Y. M. C. A., 259 Mo. 233, 168 S.W. 589 (1914); State ex rel. St. Louis Y. M. C. A. v. Gehner, 320 Mo. 1172, 11 S.W.2d 30 (banc 1928), and St. Louis

Y. M. C. A. v. Gehner, 329 Mo. 1007, 47 S.W.2d 776 (banc 1932). This was acknowledged and repudiated in the later cases of Salvation Army v. Hoehn, 354 Mo. 107, 188 S.W.2d 826 (1945); Missouri Goodwill Industries v. Gruner, 357 Mo. 647, 210 S.W.2d 38 (1948), and Y. W. C. A. v. Baumann, 344 Mo. 898, 130 S.W.2d 499 (banc 1939), which upheld tax exemptions for the institutions involved. In Y. M. C. A. v. Sestric, 362 Mo. 551, 242 S.W.2d 497 (banc 1951), the tax exemption of the Y. M. C. A. was established under the 1945 Constitution on the basis of our rulings in the three above cited cases criticising the three early Y. M. C. A. cases denying exemption.

In the more recent case of Community Memorial Hospital v. City of Moberly, 422 S.W.2d 290 (Mo.1967), tax exemption of the hospital was upheld. As defendant points out that case considered property tax not sales tax. However, the hospital involved had a large income from pay patients but this court said its purpose "is not to make profits but to devote any income in its operation to the charitable purpose of operating a hospital for the benefit of all who come to its doors whether as pay or indigent patients." We find this also to be true in this case. Likewise as said in the Goodwill case (210 S.W.2d l. c. 41) in upholding its tax exemption: "The primary purpose of Goodwill is to aid the handicapped, and profit, if any, is incidental." We noted Goodwill was supported in part from the Community Chest and other donations. In this case, it likewise appears that the primary purpose of these hospitals in operating cafeterias and gift shops is not to make profits but to use any income from these operations for operating the hospitals for the benefit of its patients whether pay or indigent. Furthermore, patients can have visitors and services which will be helpful in their comfort and recovery because of these facilities for visitors and staff personnel. We consider this to be within the guidelines of the cases repudiating the narrow view of the three original Y. M. C. A. cases. There is no intention to serve the general public in these cafeterias or gift shops.

The State further claims that in any event the gift shop operated at the St. Joseph Hospital is not entitled to exemption from sales tax because this auxiliary is incorporated so that this gift shop is operated by a separate corporation. It says no sales/use tax exemption has been granted to this corporation as it has to the hospital. However, it appears that this auxiliary, which is a benevolent and charitable corporation, not only operates the gift shop and gives its profits to the hospital but also raises money by donations which is used to buy expensive equipment for the hospital. Therefore it appears that its purpose is purely charitable. We further point out that this charitable corporation auxiliary is not a party to this action.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.