**JEWISH COMMUNITY CENTERS ASSOCIATION, a Non-Profit Corporation Organized Under the Laws of the State of Missouri, Plaintiff-Appellant,**

v.

**STATE TAX COMMISSION of Missouri et al., Defendants-Respondents.**

No. 58302.

Supreme Court of Missouri, Division No. 1.

March 10, 1975.

David Baron, Baron & Liberman, St. Louis, for appellant.

Gene E. Voigts, Kansas City, for respondents, Individual Members of the Board of Equalization of Morgan County, Missouri.

LAURANCE M. HYDE, Special Commissioner.

Plaintiff sought review of decision of the State Tax Commission denying it exemption from taxation. The Circuit Court entered judgment affirming the decision of the Tax Commission and plaintiff has appealed. Construction of Constitution and the revenue laws is involved. Mo.Const. 1945 Art. V, § 3 as amended 1970, V.A.M. S. We reverse.

Plaintiff was incorporated under Chapter 352, RSMo 1969, V.A.M.S., Religious and Charitable Associations. Plaintiff owns 940 acres of land on the Lake of the Ozarks in Morgan County, which it acquired in 1969 with funds contributed to it for that purpose. Plaintiff has a membership of about 16,000 of whom 8,000 are under 18 years of age. Plaintiff has conducted two three-week and one four-week camping periods during the summer preceded by one week of staff training and followed by a family weekend period. There are forty buildings on the land including cabins, dining hall, wash and bath facilities. Plans were being developed for conference use in spring and winter seasons. At the 1970 session there were more than 600 children at the camp from all creeds and races. About one fourth were non-Jewish. Protestants were taken to Protestant churches and Catholics to Catholic churches on weekends. Many of the children attending are referrals from the Juvenile Court, the local poverty program and the Human Development Corporation.

The cost per child is $95.00 per week and the highest amount charged is $80.00 per week. All are required to pay something, but about 40% are on more reduced fees some as low as $3.00 to $5.00 per week. Some fees are from Title IV government program. Plaintiff says: "The policy of collecting at least a nominal amount from each individual was established to preserve the self-respect of that individual so that he would not feel that he had made no contribution to his keep. Character building is one of the objects of the Jewish Community Centers Association and many activities in the camp were directed toward that end." The deficit of expenses over fees and canteen sales profits amounted to $48,220.64 in 1970, $44,405.25 in 1971 and $43,446.77 in 1972. These were made up from amounts received from camp endowment income and collection and the St. Louis United Fund

and the Jewish Federation which raise funds for charities by annual contributions. The hearing before the Tax Commission concerned the year 1970 but it was stipulated that the decision would determine the issues of plaintiff's taxes for 1970, 1971, 1972 and 1973.

Plaintiff's articles of agreement, Art. II, Section 1(d) provides its purpose: "To create, own, operate and maintain camps, playgrounds and recreational and educational facilities and such other related or similar activities of a civic, educational or charitable nature and intent as it may elect for the health, welfare, education, mental, social and physical development and other benefit of children, adolescents and adults."

Section 2 provides as follows: "The Association is not organized for profit or for business purposes; no capital stock or shares shall be issued, and no part of the earnings of the Association shall inure to the benefit of any person, and all of the net earnings, if any, of the Association shall be devoted exclusively to the charitable uses and purposes of the Association as defined in the foregoing Section."

Plaintiff is exempt from federal income tax and contributions to it are deductible. Plaintiff is exempt from Missouri sales/use tax and land it owns in Warren County and St. Louis County has been exempted from taxation.

The Tax Commission mainly relied on Defenders' Townhouse, Inc. v. Kansas City, 441 S.W.2d 365 (Mo.1969) and Paraclete Manor of Kansas City v. State Tax Commission, 447 S.W.2d 311 (Mo.1969). Reliance on these cases is misplaced. Both provided low cost housing to low income elderly citizens. However, in those cases, there was no religious motive involved, the charge was the same to everyone for the same facilities and, although government financed, the corporation was required "to make charges which would pay in full its annual interest and principal payments and accumulate a reserve equal at least to one year's annual payment." We also noted "every annual payment increased the inter-

est plaintiff had in the ownership of the building and after fifty years it would own it unencumbered." 447 S.W.2d 1. c. 314. Therefore, both the Townhouse and Paraclete cases, were "intended to be completely self-supporting and self-liquidating without any intention that gifts or charity were to be involved" and they were "thus actually competitive with landlords offering other residential property for rent on which taxes must be paid." 447 S.W.2d 1. c. 314, 315.

Defendants cite cases from other states that construe charitable exemption more narrowly than our present decisions now do. As we recently said in St. John's Medical Center, Inc. v. Spradling, 510 S.W.2d 417, 418, 419 (Mo.1974): "This court took too narrow a view as to tax exemption in three early Y. M. C. A. cases under the provisions of the 1875 Constitution in State ex rel. Koeln, Collector v. St. Louis Y. M. C. A., 259 Mo. 233, 168 S.W. 589 (1914); State ex rel. St. Louis Y. M. C. A. v. Gehner, 320 Mo. 1172, 11 S.W.2d 30 (banc 1928), and St. Louis Y. M. C. A. v. Gehner, 329 Mo. 1007, 47 S.W.2d 776 (banc 1932). This was acknowledged and repudiated in the later cases of Salvation Army v. Hoehn, 354 Mo. 107, 188 S.W.2d 826 (1945); Missouri Goodwill Industries v. Gruner, 357 Mo. 647, 210 S.W.2d 38 (1948), and Y. W. C. A. v. Baumann, 344 Mo. 898, 130 S.W.2d 499 (banc 1939), which upheld tax exemptions for the institutions involved. In Y. M. C. A. v. Sestric, 362 Mo. 551, 242 S.W.2d 497 (banc 1951), the tax exemption of the Y. M. C. A. was established under the 1945 Constitution on the basis of our rulings in the three above cited cases criticising the three early Y. M. C. A. cases denying exemption." See also Community Memorial Hospital v. City of Moberly, 422 S.W.2d 290 (Mo.1967). Defendants cite Rule 100.-07(c), V.A.M.R., as the scope of our review, namely: "Whenever the action of the agency being reviewed does not involve the exercise by the agency of administrative discretion in the light of the facts, but involves only the application by the agency of the law to the facts, the court may

weigh the evidence for itself and determine the facts accordingly."

As noted 71 Am.Jur.2d, State and Local Taxation § 373, p. 679 states: "The general trend of authority in cases determining the charitable character of institutions for tax exemption veers away from the old concept that charity is confined to the 'free' care of the indigent, and toward the idea of charity as comprehending all humanitarian activities even though recipients may be able to pay at least in part for the benefits. Thus, a charitable institution does not lose its character and consequent tax exemption merely because recipients of its benefits who are able to pay are required to do so, where funds derived in this manner are devoted to the charitable purposes of the institution." See also camp cases summarized 37 A.L.R.3d 1212–1214 annotation; and St. Louis Council, Boy Scouts of America v. Burgess, 362 Mo. 146, 240 S.W.2d 684 (banc 1951).

Defendant also says: "Several conclusions are apparent. First, the principal source of income is from camper fees, which have increased each year. Second, the excess of expenses over fees has declined each year. Third, the camp gets paid for its services." However, it is not the camp that is a party here and it has no separate existence. The involved party is the Jewish Community Centers Association, which operates the camp as a part of its activities. On the authority of the above cited cases overruling the too narrow view of the earlier mentioned Y. M. C. A. cases and the principles established in the later Salvation Army, Missouri Goodwill Industries and Y. M. C. A. v. Sestric cases we hold that plaintiff is exempt from taxes on the property involved.

The judgment is reversed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.