**DIRECTOR OF REVENUE, Appellant,**

v.

**ST. JOHN'S REGIONAL HEALTH CENTER, Respondent.**

No. 71186.

Supreme Court of Missouri,
En Banc.

Nov. 14, 1989.

William L. Webster, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for appellant.

Frank M. Evans, Cynthia B. McGinnis, Springfield, for respondent.

COVINGTON, Judge.

The subject of this appeal is the educational tax exemption status of a fitness center operated by St. John's Regional Health Center of Springfield, Missouri. The Director of Revenue denied tax exemption status of the fitness center after which St. John's appealed to the Administrative Hearing Commission. The Commission found that the fitness center was not entitled to exemption as a charitable, religious, or civic function, but that it was entitled to exemption under § 144.030.2(19), RSMo 1986, as an educational function. The Commission set aside the assessments by the Director of Revenue after which the Director appealed to this Court. The decision of the Commission is affirmed.

Section 144.020, RSMo 1986, imposes a sales tax upon all sellers for the privilege of engaging in the business of selling

tangible personal property or rendering taxable service at retail in Missouri. Section 144.610, RSMo 1986, imposes a compensating use tax for the privilege of storing, using or consuming within Missouri any article of tangible personal property purchased in another state or in commerce between another state and this state. Section 144.030.2(19), RSMo 1986, exempts from the imposition of sales and use taxes "all sales made by or to religious and charitable organizations and institutions in their religious, charitable or educational functions and activities...."

■ The Director concedes that St. John's Regional Health Center is a charitable organization or institution and as such is eligible for exemption under § 144.030.2(19). The Director does not challenge the Commission's adoption of the definition of "education" as a broad term not limited to knowledge in a school room, citing *Wilhoit v. Fite*, 341 S.W.2d 806, 816 (Mo.1960). The definition adopted by the Commission is not incorrect. Although this Court has not previously construed the term "educational" in the context of tax exemption statutes, other jurisdictions have determined the term "educational" in the tax exemption context to be comprehensive, embracing mental, moral and physical education. *See, e.g., Jones v. Better Business Bureau of Oklahoma City*, 123 F.2d 767 (10th Cir.1941); *Application of Syracuse University*, 59 Misc.2d 684, 300 N.Y. S.2d 129, 135 (N.Y.Sup.1969) and *Board of Trustees of Leland Standford Junior University v. County of Santa Clara*, 86 Cal. App.3d 79, 150 Cal.Rptr. 109, 112 (1978).

The Director does challenge, however, the Commission's application of the term "educational" in this case: he argues that the fitness center department of St. John's is not engaged in an educational function or activity because it is separate from St. John's Regional Health Center and is operated as a commercial for profit activity in competition with other fitness centers in the Springfield area.

This Court determines the question on the record presented and will uphold the decision of the Administrative Hearing Commission if the decision is authorized by law and supported by competent and substantial evidence on the whole record.

The following facts are supported by competent and substantial evidence appearing in the record. St. John's Regional Health Center, a not for profit corporation, was established to operate exclusively for charitable, benevolent, educational and scientific purposes. St. John's articles of incorporation, statement of philosophy, and mission statement all include affirmative representations that the institution is established, in part, to promote and preserve good health.

Prior to the opening of the fitness center in 1985, St. John's applied for and received a Certificate of Need for the fitness center. The Department of Health Staff Summary found that St. John's proposal addressed several health priorities, including the reduction of cardiovascular disease, health promotion, primary prevention programs that encourage positive life styles, and improving nutritional status. St. John's designed the fitness center based upon a medical model and recommendations from its cardiovascular fitness and rehabilitation committee, a group of specialists and physicians formed to guide St. John's in establishing and operating the fitness center. Based upon the committee's recommendation, the fitness center does not include a whirlpool, tanning beds, or a steam room because these items negatively affect health.

Also based upon the medical model and designed to promote healthy life-styles are St. John's fitness center's programs to care for community health needs that do not require acute care, such as "Mall Walkers," "Smoke Stoppers," "Be Trim," and stress management programs. The aforementioned programs were initiated through St. John's Health Styles department, which predates the fitness center and has experienced considerable growth in recent years. St. John's constructed the fitness center to house its Health Styles program.

St. John's operates the fitness center as a department that is an integral part of its comprehensive plan to provide health care

on a not for profit basis. Through the fitness center, St. John's conducts outreach programs designed to educate the community regarding healthy life styles and behavior modification. St. John's promotes the concept of fitness and the activities and facilities available to the public at the fitness center through speaking engagements at local civic clubs, telephone listings in the Yellow Pages, and newspaper announcements. The announcements describe the fitness center's medically designed programs, which are intended to modify the participant's behavior and to prepare the participant to enjoy a healthier life-style. The Missouri State Highway Patrol contacted the fitness center to develop a basic screening program for cardiovascular disease. The center designed a program in which physicians were actively involved in stress testing components, educational programs, and dietary advice. The United States Federal Medical Center requested that the fitness center design a program to assist its employees in exercising and otherwise engaging in a healthier life-style. The program includes comprehensive testing and development of individualized "exercise prescriptions." The personnel of the fitness center follow participants' progress. Members of the medical community in Springfield make referrals directly to the center.

With one exception, the staff of the fitness center are qualified fitness instructors holding degrees in fields related to health. Each participant is assigned a personal fitness instructor to teach the participant how most effectively to use the facility and to follow the participant's personal fitness prescription, which is developed subsequent to an evaluation in accordance with the medical model.

Participants pay a flat monthly fee for use of the fitness center programs and facility. St. John's conducts retail sales of wearing apparel used for participation in the program, juices and food items. St. John's operated the fitness center below cost and incurred operating losses in the fiscal years ending June 30, 1986, and June 30, 1987.

The Director contends that the fitness center is a commercial activity in competition with other fitness centers that offer similar facilities and services and, consequently, is not an educational function exempt from sales and use tax. He seeks to distinguish *St. John's Medical Center, Inc. v. Spradling*, 510 S.W.2d 417 (Mo.1974), upon which St. John's relies. In that case the Director of Revenue determined that, although the purpose of the operation was to turn over any profit to the hospitals for accomplishment of their stated charitable purposes, competition existed where hospital auxiliaries operated cafeterias and gift shops on hospital campuses. The Director, relying on the competition factor, denied the claimed sales and use tax exemption. This Court looked beyond consideration of whether competition existed and found that the purpose of the organization in conducting the activity took precedence over any purported competition in determining whether the activity met the requirements of the broadly worded sales and use tax exemption. The Court found that the primary purpose of the hospitals in operating cafeterias and gift shops was not to make profits but to use any income from the operations for operating the hospitals for the benefit of its patients. In its discussion, the Court noted that there was no intention to serve the general public in these cafeterias or gift shops. *Id.* at 419.

Emphasizing the Court's recognition in *St. John's v. Spradling* that there was no intention to serve the general public in the cafeterias or gift shops, the Director alleges that the holding of *St. John's v. Spradling* is distinguishable in that the fitness center in the present case is in all respects a commercial activity in competition with other fitness centers in the area. The Director points to the fact that the fitness center makes its services available to the general public, charges initiation and monthly fees, advertises, has some of the same equipment as other fitness centers, sells at retail, and makes claims regarding programs for the benefit of its members similar to claims made by competitors.

The Director's argument fails on two counts. First, the Director's arguments are speculative and conclusory: there is scant evidence in the record with respect to services provided by other fitness clubs in the area, and there is no substantial evidence to establish that the facilities and services at the fitness center are similar to those of commercially operated facilities. Further, as the Director ultimately concedes in reply, *St. John's v. Spradling* stands for the proposition that competition with commercial enterprises, in and of itself, does not deprive an organization of charitable exemption or, in this case, educational exemption. Citing with approval *Missouri Goodwill Industries v. Gruner*, 357 Mo. 647, 210 S.W.2d 38 (1948), *St. John's v. Spradling* emphasizes that commercial competition is not the sole determining factor in exemption cases. *St. John's v. Spradling*, 510 S.W.2d at 419. The *Missouri Goodwill* and *St. John's v. Spradling* courts looked beyond consideration of whether competition existed to find that the primary purpose of the organization in conducting the activity took precedence over any purported competition in determining whether the activity met the requirements of the sales and use tax exemption.

The record in this case clearly reflects that the primary purpose of the fitness center is educational. The Commission correctly concluded that St. John's Fitness Center department is exempt from sales and use tax as a charitable organization engaged in an educational function.

The decision of the Commission is affirmed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS and BILLINGS, JJ., and NUGENT, Special Judge, concur.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.